# R. G. RAMSEY v. PETER H. HUCK, Judge of Circuit Court, and GEORGE W. COVINGTON.

### In Banc, March 30, 1916.

1. **PROHIBITION: Circuit Courts.** The Supreme Court is given authority by the Constitution to prohibit, by its writ of prohibition, circuit courts and other inferior tribunals from exercising jurisdiction which they do not legally have.

2. **————: Justice of Peace: Title to Office.** The Constitution gives the Supreme Court exclusive jurisdiction in cases involving title to any office under this State, and the office of a justice of the peace is such an office.

3. **————: Jurisdiction of Appeal.** Jurisdiction to hear and determine upon appeal the original case out of which the application for a writ of prohibition arose, is not a prerequisite to the right of the Supreme Court to issue the writ.

4. **JUSTICE OF PEACE: Election Contest: Jurisdiction.** The county court, except in cities of three hundred thousand inhabitants, has jurisdiction to hear and determine a contested election for the office of justice of the peace; but such court is an inferior tribunal, and the grounds of its jurisdiction must appear affirmatively upon the face of the record.

5. **————: Notice of Election Contest.** The service of notice of contest for the office of justice of the peace, fifteen days before the term of the county court at which the election is to be contested, is, by the statute, made essential to the validity of the proceeding; and where only twelve days' notice is given to contestee the court has no jurisdiction, and the proceeding must be dismissed.

6. **————: ————: Amendment.** Notice of contest of less than fifteen days cannot be made sufficient by an amendment fixing the time of hearing at fifteen days from the date of service. It is only where jurisdiction has been obtained by proper notice, in the manner pointed out by the statute, that an amendment may be made to a notice of contest.

7. **————: ————: Appeal.** If the county court had no jurisdiction over the contest for the office of justice of the peace, because notice of contest was not timely served, the circuit court acquired none by reason of an appeal.

## Prohibition.

WRIT ISSUED.

Edward A. Rozier, B. H. Boyer and Clyde Morsey for relator.

Benjamin H. Marbury for respondents.

WALKER, J.—Prohibition.  Relator invokes this writ to prevent the circuit court of St. Francois County from entertaining jurisdiction in a proceeding to contest the right to the office of justice of the peace.

At the general election held in November, 1914, Ramsey, the relator, and Covington, one of the respondents, were opposing candidates for the office of justice of the peace in one of the townships of said county. Ramsey at said election received the greater number of votes, a commission was delivered to him and he was inducted into office.

On November 25, 1914, Covington notified Ramsey, by delivering to him a copy of the petition in the proceeding, that "at the next term of the county court of St. Francois County, to-wit, on Monday, December 7, 1914, he would contest Ramsey's right to said office." On said day Ramsey, appearing to plead to the jurisdiction of the court, filed a motion therein which alleged, among other things, that the return of the sheriff of the service of notice of contest showed upon its face that it was served on the 25th day of November, 1914, and that he was in fact served on said day, or only twelve days before the next term of said county court, whereas section 5924, Revised Statutes 1909, provides that in all such matters a notice shall be served upon the contestee fifteen days before the term of court at which such election is to be contested and hence said county court was without authority to hear said cause.

Covington thereupon asked leave to amend the notice which constituted the petition by striking out

these words: "On Monday, December 7, 1914," and by inserting in lieu thereof the following: "And on the first day of said term which shall be held fifteen days or more after November 25, 1914, or the day of the service of this notice of contest." The court refused to permit this amendment to be made and sustained Ramsey's plea to the jurisdiction and dismissed the proceeding. Covington thereupon applied for and was granted an appeal to the circuit court. Upon the perfecting of this appeal Ramsey appeared therein and challenged the jurisdiction of the circuit court to hear said cause on the ground that the county court had no authority to hear same and that the circuit court had acquired none by reason of the appeal. This motion was by the circuit court overruled, whereupon Ramsey applied for the writ herein.

It has been questioned whether this is the proper forum in which to invoke this writ in a case of this character. The Constitution (Sec. 8, art. 6, Amdt. 1884) gives express power to this court to issue the writ to regulate the actions of the courts of appeals, but such power is not expressly given in regard to other inferior tribunals, the provision in regard thereto being as follows: "The Supreme Court shall have a general superintending control over all inferior courts. It shall have power to issue writs of *habeas corpus*, mandamus, *quo warranto, certiorari* and other original remedial writs, and to hear and determine the same." [Sec. 3, art. 6, Constitution.] However, the general words "and other original remedial writs" were held in Thomas v. Mead, 36 Mo. 232, to authorize the issuance of the writ of prohibition against a circuit court in a case involving title to the office of clerk of the Supreme Court. This ruling has been followed in a number of subsequent cases in which the court has supervised circuit courts and other inferior tribunals, the

*Prohibition to Circuit Court.*

last expression on the subject being found in State ex rel. v. Williams, 221 Mo. l. c. 256.

Whatever individual opinion may, therefore, be entertained as to the correctness of the construction of the rule in regard to general words following particular words, as announced in Thomas v. Mead, supra, must be subordinated to the conclusion reached in that case and subsequent cases, and discussion in regard thereto is foreclosed and the right of the court to issue the writ in the exercise of its supervisory control over any inferior tribunal is completely established.

The proceeding sought to be prohibited involves title to the office of justice of the peace.  The Constitution provides that the Supreme Court

**Jurisdiction: Title to Office.** shall have exclusive jurisdiction "in cases involving . . . title to any office under this State." [Sec. 12, art. 6, Constitution; Sec. 5, art. 6, Amdt. 1884.]  This provision means any office held under the authority of the laws of this State, and has been held to apply to give this court jurisdiction in contests involving title to the following offices: clerk of the circuit court (State ex rel. Blakemore v. Rombauer, 101 Mo. l. c. 501); members of a school board (State ex rel. Macklin v. Rombauer, 104 Mo. 619; State ex rel. Rogers v. Rombauer, 105 Mo. 103; State ex rel. Walker v. Bus, 135 Mo. 325); school directors (State ex inf. Sutton v. Fasse, 189 Mo. 532; State ex rel. Frisby v. Stone, 152 Mo. l. c. 204; State ex rel. Frisby v. Hill, 152 Mo. 234); and county collector (Sanders v. Lacks, 142 Mo. 255); and certain township officers (Macrae v. Coles, 183 S. W. 578).

Under these rulings the conclusion is authorized that the office of justice of the peace is one held under the authority of the laws of this State, and hence this court has jurisdiction.

The court's power in the premises, as defined in the cases cited, is based primarily upon its jurisdiction to hear and determine upon appeal the original cases out of which the application for the writs arose; such appellate jurisdiction, however, is not a prerequisite to the right of this court to issue the writ herein. [State ex rel. v. Eby, 170 Mo. l. c. 516.]

We come now to a consideration of the jurisdiction of the county court to hear and determine the contest proceedings upon which the application for the writ herein is based. The Constitution provides in this regard that "the General Assembly shall, by general law, designate the court or judge by whom the several classes of election contests shall be tried," etc. [Sec. 9, art. 8, Constitution.] Under this provision section 5294, Revised Statutes 1909, was enacted, giving county courts, except in cities now or hereafter attaining three hundred thousand inhabitants, jurisdiction in contests of township offices; and section 7372, Revised Statutes 1909, which provides that in contested elections for justice of the peace the county courts shall decide same. Under these sections county courts are given power to hear and determine contested elections for the office of justice of the peace. [Taaffe v. Ryan, 25 Mo. App. 563.]

Such courts being, therefore, clothed with general power herein, it remains to be determined whether the statute prescribing the procedure relative hereto has been complied with—because to the statute alone, upon which contests of elections are solely based, we must look to determine the regularity of the court's proceeding. [State ex rel. v. Hough, 193 Mo. l. c. 645.] Furthermore, the fact must be borne in mind that county courts are inferior tribunals, not proceeding according to the course of the common law, but confined to the authority given them by statute, and that the

267 Mo. 22

grounds of their jurisdiction must appear affirmatively on the face of their records. [Ex Parte O'Brien, 127 Mo. 477; Strouse v. Drennan, 41 Mo. 289; State ex rel. Sanks v. Johnson, 138 Mo. App. 306.]

It is contended here that the notice of the contest of election was insufficient. The statute requires, among other things, that "the notice shall be served fifteen days before the term of court at which the election shall be contested," etc. The object of the statute in requiring the notice has two distinct purposes. One is to bring the party into court and the other to set forth and advise the court of the grounds of the contest. The notice, therefore, stands in lieu of and performs the functions of a writ and a petition in an ordinary suit. [State ex rel. Wells v. Hough, 193 Mo. l. c. 642; Hale v. Stimson, 198 Mo. l. c. 145.] Possessed of this importance, the service of the notice as required by law becomes jurisdictional and is absolutely essential to the validity of the proceeding. [State ex rel. Sale v. McElhinney, 199 Mo. l. c. 78.] The rule is well established and uniform in its operation that where the jurisdiction of a court is made to depend upon the time either of the giving of notice or of taking an appeal, the requirement is peremptory. In Castello v. Court, 28 Mo. 259, we held that the notice required in a contested election case must be given within the time pescribed by the statute, and in Wilson v. Lucas, 43 Mo. 290, which was a contest of an election to the office of circuit judge, the statute required a certain number of days' notice of the contest and the petition was dismissed because the requirement was not observed. In Bowen v. Hixon, 45 Mo. 340, involving a contest for the office of county clerk, the notice of the contest required by the statute was not complied with and the proceedings were held to be invalid. In Adcock v. Lecompt, 66 Mo. 40, a contest for the office of county collector, the proceeding was dismissed on account of a defective

notice. In State ex rel. v. Ross, 245 Mo. l. c. 46, it was held that notice of the contest within the time designated in the statute was one of the rights of the contestee and a failure to give same forfeited the right to the contest.

In the instant case the notice of contest was served on the contestee on the 25th day of November, 1914, in which he was notified that at the next term of the county court of St. Francois County, to be begun on Monday, the 7th day of December, 1914, a proceeding would be begun and prosecuted in said court by contestant to determine the contestee's right to the office of justice of the peace. From these facts it is evident that the contestee was only given twelve days notice of said contest, which was not sufficient under the statute, and it was so held by the county court. It is contended, however, that this defect was cured by the amendment proposed to be made after the filing of the contestee's plea to the jurisdiction, which attempted to fix the time of hearing of the proceeding at fifteen days from the date of the service of the notice on the contestee. This proposed amendment was not permitted by the county court. It is only where jurisdiction has been obtained by proper notice in the manner pointed out by the statute that an amendment may be made to a notice of contest. It was so held in Nash v. Craig, 134 Mo. 347, which ruling was approved in State ex rel. v. Hough, 193 Mo. l. c. 650. The correctness of this ruling is evident from the nature of the proceeding. The notice constitutes the petition in the case. Jurisdiction is acquired by properly serving it upon the contestee. Unless it has been so served the court is without authority to make any order in the premises except to dismiss the proceeding and upon a proper application to grant the contestant an appeal. The county court being without jurisdiction, the circuit court ac-

quired none by reason of the appeal (Tie & Timber Co. v. Drainage Co., 226 Mo. 1. c. 444; Sidwell v. Jett, 213 Mo. 601), and it should have so ruled by sustaining the contestee's motion to dismiss.

It is therefore ordered that the preliminary writ of prohibition issued be made absolute and that the circuit court refrain from further exercise of jurisdiction herein. All concur.