THE STATE EX INF. JAMES H. HOLT, Prosecuting Attorney, EX REL. WILLIAM JONES, Appellant, v. CHARLES MEYER.

Division One, December 31, 1928.

*Robert Stemmons* and *James E. Sater* for appellant.

*R. V. McPherson* and *Parker Potter* for respondent.

GANTT, J.—An information in the nature of a *quo warranto*, filed April 15, 1927, in the Circuit Court of Lawrence County, by the Prosecuting Attorney of said county, at the relation of William Jones, against Charles Meyer.

It is an effort to oust Meyer from the office of Road Commissioner of the Mt. Vernon Special Road District, in said county. The pleadings are not challenged. On hearing the evidence, the information was dismissed, and relator appealed.

The case involves the title to an office under this State, and we have appellate jurisdiction. [Sec. 12, Art. VI, Const.; Sec. 5, Art. VI, Amendment 1884; Ramsey v. Huck, 267 Mo. 333, l. c. 336, 184 S. W. 966; State ex rel. v. Rombauer, 101 Mo. 501, 14 S. W. 726; MaCrae v. Coles, 183 S. W. 578; State ex rel. v. Harter, 188 Mo. 516, l. c. 528, 87 S. W. 941.]

By authority of Section 10802, Revised Statutes 1919, and on February 17, 1927, the mayor and members of the council of Mt. Vernon met with the members of the County Court of Lawrence County in the county court room in Mt. Vernon to appoint a road commissioner for the Mt. Vernon Special Road District. Mt. Vernon is a city of the fourth class, with a mayor and eight councilmen, and is the county seat of Lawrence County. At the meeting, the members of the county court, the mayor and seven councilmen were present. On a vote being taken, respondent Charles Meyer received six votes and relator William Jones received four votes. The presiding judge did not vote, and one of the councilmen was absent.

It is alleged in the information that two members of the county court voted for relator William Jones. This is not denied in the answer, so it must be taken as admitted. The record of the meeting kept by the

county clerk is in evidence and records the vote by ballot as follows: Jones 4, Meyer 6. It follows that all of the votes for Meyer were by members of the city government.

Relator has a special interest as claimant to the office and is, therefore, entitled to maintain the suit. [State ex rel. Pickett v. Cairns, 265 S. W. l. c. 529; State ex inf. v. Heffernan, 243 Mo. 442, l. c. 450, 148 S. W. 90; Ferris, Extraordinary Remedies, pp. 169-170.]

Respondent Meyer contends that under Section 10802, Revised Statutes 1919, the mayor and councilmen are each entitled to cast a vote for commissioner.

Relator Jones contends the mayor and councilmen sit as one member of the county court and together have only one vote, and that two members of the county court having voted for him he thereby received a majority of the legal votes cast.

These contentions call for a construction of Section 10802, which section as originally enacted is as follows:

"The mayor and members of the city council of any city or town within any special road district thus organized, together with the members of the county court of the county in which said district is located, at a meeting to be held in the county court room, at which meeting the presiding judge of the county court shall preside and the county clerk shall act as clerk, within two weeks after the voters within the territory of such proposed district shall adopt the provisions of this act, shall, by order of record to be kept by the county clerk, appoint a board of commissioners composed of three persons, designating one to serve for three years, one for two years, and one for one year, and in February every year thereafter one commissioner shall be appointed as above specified, to serve for three years; all such commissioners shall be resident taxpayers of the district, and shall serve until their successors are appointed and qualified—vacancies to be filled as original appointments are made. Resignations shall be to the county clerk. Removal from the district shall create a vacancy. Such commissioners, before entering upon the discharge of their duties, shall take oath of office, to be administered by the clerk of the county court." [Laws 1895, p. 253.]

It will be noted that on the assembling of the mayor, the members of the council and members of the county court, the meeting is declared organized, with the presiding judge as the presiding officer and the county clerk as clerk of the meeting. They do not meet as officers of the city or as officers of the county. They meet as one body for the sole purpose of appointing the commissioners. Neither the city council nor the county court has any control over the public highways within the district outside of the corporate limits of the city. Such control is lodged exclusively with the board of commissioners. [Sec. 10809, R. S. 1919.]

While the commissioners are required to make an annual settlement with the county court, a copy of the settlement must be filed with the city clerk and may be published in some newspaper of the district in the discretion of the city council and at the expense of the city. [Sec. 10826, R. S. 1919.] Thus the Legislature recognized the mutual interest of the city and county in the public highways of the district, and it further recognized this interest by giving the mayor, councilmen, and members of the court a voice in the appointment of commissioners.

Cities of the fourth class may be divided into not less than two wards with two councilmen from each ward, and cities under commission form of government may have two or more councilmen. From this relator argues that if the mayor and each member of the council is entitled to one vote it would give a city having a greater number of councilmen an advantage in the appointment of commissioners.

Relator assumes the mayor and councilmen act as officers of the city in appointing commissioners. As stated, the mayor and members of the council and members of the county court do not participate in the meeting as officers of either the city or county but as representatives of the whole district for the sole purpose of appointing commissioners.

The statute no more limits the mayor and members of the council to one vote than it limits the members of the county court to one vote. No doubt the lawmakers assumed the members of the meeting would be so interested in the welfare of the district that they would not permit rivalry between the county court and the city council to interfere with the honest performance of their duty. Each member of the meeting is authorized to participate in the appointment, and, absent a word in the statute to the contrary, we must hold each member of the meeting to have a vote. The statute so remained for twenty years and until 1915, when the following proviso was added:

"*Provided* that where the city is located a greater distance than ten miles from the meeting place of the county court; the mayor and city council of the city or town within the road district for which commissioners are to be appointed; the mayor and members of the city council may make a written certificate of their choice of a commissioner or commissioners to be appointed, designating their first, second and third choice and seal the same and transmit it to the county clerk by mail or by special messenger; and the choice and selection designated in such certificate shall be given the same consideration as though the board and mayor were present at the meeting of the court: *Provided* that such certificate shall be given over the signature of the mayor or acting mayor, attested by the seal of the city and signature of the city clerk." [Laws 1915, p. 375.]

It is clear the lawmakers by this proviso only intended to relieve the mayor and councilmen from attending the meeting if the city was located more than ten miles from the meeting place. By the proviso the city is not authorized to make a written certificate of its choice but the mayor and members of the council are authorized to do so. The choice designated in the certificate must be given the same consideration as though the mayor and members of the council were present. We have ruled the statute as originally enacted authorized each member of the meeting to cast a vote; and if the choice designated in the certificate is to be given the same consideration as though a member was present and voting, then his choice designated in the certificate must be counted as a vote for commissioner. The requirement that the first, second and third choice be designated has reference to the first meeting after the organization of the district when three commissioners are to be appointed. Thereafter at a meeting for the appointment of only one commissioner the first ballot might not result in an appointment; if so, on the second ballot the absent member's second choice could be voted and so as to his third choice.

It follows the judgment should be affirmed. It is so ordered. All concur.