Sorkis J. Webbe, St. Louis, for relator.

Milton F. Svetanics, Jr. pro. se.

**STATE of Missouri ex rel. John P. O'REILLY, Relator,**

v.

**Hon. Robert J. KIRKWOOD, Judge of the Circuit Court of the City of St. Louis, Respondent.**

**No. 32757.**

St. Louis Court of Appeals.

Missouri.

Oct. 11, 1966.

ORIGINAL PROCEEDING IN PROHIBITION

WOLFE, Presiding Judge.

This is an original action in prohibition to prohibit the respondent judge from proceeding to hear a primary election contest without service of a summons on John P. O'Reilly, the relator, whose election is being contested.

The election contest was instituted by Mr. Milton F. Svetanics, Jr. Both Mr. Svetanics and Mr. O'Reilly were candidates in the primary election seeking to be named as nominee on the Democratic ticket for the office of State Representative from the 51st District. Mr. O'Reilly was certified

by the Board of Election Commissioners of the City of St. Louis as the elected nominee. Within five days thereafter Mr. Svetanics served upon Mr. O'Reilly notice of his intention to file a petition charging irregularities in the election. A petition was filed in due time after service of the notice. Upon the petition being presented to the court it set August 26, 1966, as the date for the hearing of the contest. A summons was issued but no service was had on this to Mr. O'Reilly.

The matter was continued to another date and an alias summons was issued. No service was obtained on Mr. O'Reilly on this summons, and another summons was issued to another date. Upon the last setting of this case for hearing, counsel for Mr. O'Reilly appeared specially for him for the sole purpose of objecting to the jurisdiction of the court because no summons had been served upon O'Reilly at that time. The court after a hearing on the objections overruled them on September 21 and stated that he would proceed to hear, try and decide the contest of the election without service of summons on O'Reilly.

It was then that O'Reilly filed his petition for prohibition in this court. With the petition he offered the file and the minutes of the circuit court which reflect the facts set out above. A preliminary writ was issued and return was made in due time by the respondent. In the return respondent asserts that the notice of intention to file the petition in the election contest, which notice was served upon O'Reilly, was sufficient to give the circuit court jurisdiction to proceed with the hearing without further notice by summons of the time of the hearing. The relator then answered the return so filed and requested judgment on the pleadings. The facts and sequence of events are not in dispute.

The question presented is whether or not respondent circuit judge may proceed with the hearing of the election contest to which hearing O'Reilly has never been summoned.

The law as it relates to primary elections is a separate code. (RSMo 1959, § 124.010 to 124.050, V.A.M.S.) Sec. 124.010 provides first for a notice of the contestor's intention to file a petition and this notice must be served upon the candidate who has been certified as elected by the Election Commissioners, within five days after such certification. The notice is required to state briefly the particulars of the irregularities which the contestor contends were committed. The petition, which is verified, is filed and presented to the circuit judge. Sec. 124.020 provides that the judge shall convene court for the purpose of hearing such contest and that a summons shall be issued forthwith to the contestee returnable to the day designated for the hearing by the court or judge. The summons may be served in any county of the state in the manner provided for the serving of process in civil actions.

■ Since the summons as required by the statute has never been served on the contestee the court may not at this time proceed with a hearing of the contest. State ex rel. Frazier v. Green, Mo.App., 143 S.W.2d 64. It appears, however, that there may yet remain sufficient time for service of such summons and therefore our final judgment in prohibition is that the respondent is prohibited from proceeding to hear the election contest until such time as a summons informing the contestee of the time of the hearing shall be served upon him in accordance with the law.

ANDERSON and RUDDY, JJ., concur.