STATE of Missouri ex rel. Leon
CAMILLO, Relator,

v.

Hon. Phillip G. HESS, Judge, Respondent.

No. 33980.

St. Louis Court of Appeals,
Missouri.

Sept. 29, 1970.

**722**

Dearing, Richeson, Roberts & Wegmann, Hillsboro, for relator.

Marvin Dinger, Ironton, for respondent.

SMITH, Commissioner.

This is an original mandamus proceeding seeking to compel respondent to exercise jurisdiction in a primary election contest brought pursuant to the provisions of Sections 124.010 and 124.020, RSMo 1959, V. A.M.S. When this matter was at issue and we had determined that our alternative writ should be made peremptory we immediately entered our order to that effect with this opinion to follow.

Respondent quashed the return of service of summons and, because more than five days had passed since the certification of the results of the canvass of votes of the election, dismissed the cause of action. The quashal was upon the basis that although proper and timely service of summons upon the contestee was shown in the return the return did not show that a copy of the petition was also served. The record before us does show proper and timely service upon contestee of notice to contest the election. The question squarely presented to us is whether, under the statutes governing primary election contests, jurisdiction over the contestee is obtained by proper and timely service of the notice to contest and a summons, or whether additionally service must be made of the petition.

■ Initially, it should be observed that the statutory procedure in election contests is a code unto itself, and is governed by the rules of civil procedure only to the extent expressly provided or required by implication. State ex rel. Bess v. Schult, Mo. App., 143 S.W.2d 486 [1]; State ex rel. O'Reilly v. Kirkwood, Mo.App., 407 S.W.2d 613. It is also clear that under our procedure for contesting elections the notice of contest takes the place of a petition in an ordinary civil suit. State ex rel. Wells v. Hough, 193 Mo. 615, 91 S.W. 905, l. c. 911; State ex rel. Bess v. Schult, *supra*, [3, 4].

■ The statutory provisions require the contestant to serve upon the contestee within five days after certification by the canvassing board a written notice of intent to file a verified petition challenging the election. That was done here. The notice must state briefly the particulars of the fraud or misconduct and where it occurred. Within five days after service of the notice the contestee may file his verified statement of fraud or misconduct in other places. After service of the notice the petitioner files his petition, presents it to the judge who must note the date of presentation thereon, and set it for hearing on the merits within five days. The statute then provides that "* * * Summons shall be issued forthwith to the contestee returnable to the day designated by the court or judge in said order, and the same may be served in any county of the state in the manner provided for serving of process in civil actions. * * * *" Nothing in the statute requires service of the petition and only by engrafting upon the statute the requirements of Civil Rule 54.06, V.A.M.R. can such requirement be found. We find no basis for such a graft. The "manner provided for serving of process" refers to the method and means of delivery, not to the papers which must be served. The notice is the paper which institutes suit and must state a cause of action. State ex rel. Bess v.

Schult, *supra* [3, 4]. The function of the petition as stated in that case is:

"The petition, under the act, is addressed to the court and its sole function is to require the court to fix a return day within five days after its filing. It is not addressed to the contestee, is not served upon him, and furnishes him no information by which he is permitted or required to act. Upon the filing of the petition it is the judge who is required 'to note thereon the date of presentation * * * and designate the day when the same will be heard by the court.' * * *" [5-8].

The statute before the court in the *Schult* case is identical to that before us. Respondent's reliance upon State ex rel. Frazier v. Green, Mo.App., 143 S.W.2d 64, is misplaced. That case involved a situation the reverse of this one. There the return stated that service had been made of the petition but was silent as to the Writ of Summons.

The statute requires the summons be served, it does not require the petition to be.

■ The court erred in quashing the return and dismissing the cause of action. Mandamus is the proper remedy to compel the court to proceed with the cause. State ex rel. American Institute of Marketing Systems, Inc. v. Cloyd, Mo., 433 S.W.2d 559. The alternative writ to set aside the order of dismissal of August 24, 1970 and to reinstate the cause is made peremptory.

PER CURIAM.

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the alternative writ to set aside the order of dismissal of August 24, 1970 and to reinstate the cause is made peremptory.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.