**STATE ex rel. Clifford "Jack" GANNON, Relator,**

v.

**Hon. George W. CLOYD, Judge, etc., Respondent.**

**No. 36455.**

Missouri Court of Appeals, St. Louis District, Division Two.

Oct. 1, 1974.

W. H. S. O'Brien, Festus, for relator.

Richard E. Schwartz, St. Louis, for respondent.

GUNN, Judge.

Action on original prohibition arising out of an election contest in Jefferson County based on a petition for primary election ballot recount. We granted a writ of prohibition prohibiting respondent circuit judge from hearing the cause on the petition for election recount in St. Louis County and directed such hearing to be heard by respondent in the Jefferson County Court House, with this opinion to follow.

The primary election combat was for the Democratic Party nomination for the office of State Senator for the Twenty-second Senatorial District, which includes Jefferson County, and was between Winnie Weber and Jack Gannon, relator herein.

After the election, Weber, as petitioner, filed a petition against Gannon for primary election recount in the Jefferson County circuit court alleging, inter alia, that certain voting irregularities had taken place in the conduct of the election in Jefferson County. Both judges of the Twenty-third Judicial Circuit, of which Jefferson County forms a part, entered recusal of jurisdiction thereby making themselves unavailable, within the meaning of § 124.020, subd. 1, RSMo Supp. 1973, V.A.M.S., to determine the contest. With the unavailability of the Jefferson County circuit judges, Weber presented the petition to respondent, who, as circuit judge in the Twenty-first Judicial Circuit, was a judge of a circuit adjoining Jefferson County. Relator Gannon challenges the authority of respondent to hear the action on the petition for recount in the St. Louis County Court House where respondent sits as circuit judge. Gannon alleges that an undue burden would be imposed upon the people of Jefferson County to hold the hearing on the election contest in St. Louis County rather than Jefferson County and, therefore, argues that the hearing should be held in Jefferson County. We agree.

The statute which we consider is § 124.020, subd. 1, RSMo Supp. 1973, V.A.M.S., and it provides:

"1. Circuit courts are hereby vested with jurisdiction to hear and determine primary election contests. When a petition shall be filed as provided in section 124.010, the petitioner shall forthwith present the petition to the judge of the court, *or if he be unavailable for any reason, to the judge of an adjoining circuit*, who shall immediately note thereon the date of presentation and shall immediately set a date for a preliminary hearing on the petition to be held within five days. If the petition be filed in vacation the judge of the circuit shall forthwith convene the court in special session for the purpose of hearing such contest." (emphasis added)

While "the statutory procedure in election contests is a code unto itself," State ex rel. Camillo v. Hess, 458 S.W.2d 721, 722 (Mo.App.1970), the issue before us is consanguineous with the change of judge theory whereby a judge has been disqualified but the situs of the contest is unaffected. In the event a circuit judge is disqualified on a motion for change of judge, the circuit court in which he sits is not divested of jurisdiction. Rather, another circuit judge as surrogate simply hears the cause in the original circuit where the action is brought. Adair County v. Urban, 364 Mo. 746, 268 S.W.2d 801 (banc 1954). So, too, in this case, where the circuit judges of the circuit in which the election contest arises are unavailable for any reason, including their recusal, the circuit is not divested of jurisdiction, and a circuit judge of an adjoining circuit, according to the statutory procedures, moves into the circuit to serve in the stead of the judges who are unavailable. Indeed, a change of circuits would be unreasonably onerous, as the parties, court records, recount functionaries and primary interests continue within the county in which the election contest has arisen. The change of judge procedure under § 124.020 contemplates a new judge moving into the county circuit in which the election contest has been brought without the necessity of Supreme Court approval under Rules 30.13 and 30.14, V.A.M.R. Disqualification of judges.

Writ of prohibition is therefore ordered preventing respondent from hearing the cause in St. Louis County or any other location other than the Jefferson County Court House and directing said cause to be heard as scheduled at the Jefferson County Court House.

DOWD, C. J., and SMITH, J., concur.