504 F.2d 563
 R. Charles THOMAS, Plaintiff-Appellant,
v.
ECONOMIC ACTION COMMITTEE OF MATAGORDA COUNTY, TEXAS, et
al., Defendants-Appellees.
No. 74-2410 Summary Calendar.*
*Rule 18, 5 Cir; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 18, 1974.
 
 Clarke Gable Ward, Houston, Tex., for plaintiff-appellant.
 Vernon L. Harrison, Jr., Houston, Tex., Jack Salyer, Dist. Atty., 23rd Judicial Dist., Bay City, Tex., for defendants-appellees.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The sole question presented in this appeal is whether the District Court was correct in dismissing the complaint for want of jurisdiction.
 
 
 2
 Appellant, the former Executive Director of the Economic Action Committee of Matagorda County, Texas (a private Texas non-profit corporation not affiliated with the State), was discharged by that committee, and brings this suit for his reinstatement and for damages. Named as defendants are the Committee, its officers and directors.
 
 
 3
 The Committee is a delegate agency of the United States pursuant to 42 U.S.C. 2701 et seq. (the Economic Opportunity Act). Appellant claims that he was dismissed by an illegally constituted board of directors acting upon information which was libelous, and that such action was taken without affording him the opportunity to be present or heard. The appellees admit that the directors were not legally serving at the time Thomas was fired. Jurisdiction is based on 42 U.S.C. 2701 et seq., and 42 U.S.C. 1985.
 
 
 4
 After the parties stipulated the facts, Judge Noel dismissed the complaint for failure to state a claim upon which jurisdiction could be founded. In so doing, Judge Noel found that according to Granville v. Hunt, 5 Cir., 1969, 411 F.2d 9, the requirements of 42 U.S.C. 1985(3) were not met because there was no state action.
 
 
 5
 Appellant here contends that no state action is necessary for recovery under 1985, and cites Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), which he contends invalidated Granville. Griffin involved a 1966 incident in which a group of whites stopped a car occupied by Negroes and clubbed them. In a damage suit filed under 42 U.S.C. 1985(3), the Supreme Court reversed the District Court's dismissal for lack of any state action, and held that private conspiracies such as the one alleged are covered.
 
 
 6
 In an opinion which relied heavily on legislative history and intent, Justice Stewart wrote, 'That the statute was meant to reach private action does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the rights of others.' He later continued, 'The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'
 
 
 7
 Although Griffin held that state action is not always necessary, both it and 1985(3) require that there be a conspiracy to deny equal protection of the law. Appellant neither alleged in his complaint nor in his brief that such was the case.
 
 
 8
 Consequently, the judgment of the District Court is
 
 
 9
 Affirmed.