STATE of Missouri ex rel. Marshall
CRAIG, Relator,

v.

The Honorable Stanley A. GRIMM, Judge
of the Thirty Second Judicial Circuit of
Missouri, Respondent.

No. 10467.

Missouri Court of Appeals,
Springfield District.

Sept. 24, 1976.

Motion for Rehearing or to Transfer to
Supreme Court Denied Oct. 13, 1976.

Kenneth L. Dement, Sikeston, James R. Robison, Robison & Blanton, Sikeston, James E. Reeves, Ward & Reeves, Caruthersville, for relator.

Wayne L. Millsap, Millsap, Weil, Eyerman & Schenberg, Clayton, for respondent.

PER CURIAM.

Our preliminary rule in prohibition issued in this original proceeding wherein relator seeks to prohibit respondent judge from proceeding with an action to contest a primary election brought under and governed by the provisions of §§ 124.010 to 124.051, inclusive (L.1972, p. 658), V.A.M.S.

A primary election was conducted August 3, 1976, to decide the Democratic Party's nominee for judge of the 33rd judicial circuit consisting of Mississippi and Scott counties. § 478.157, V.A.M.S. Marshall Craig, the incumbent, and Tony Heckemeyer, were the only candidates. As certified August 9, the returns showed that Craig had received a plurality of 18 votes in the two county elections.

All of the following occurred on August 13: Heckemeyer, as contestant, filed a petition in the Circuit Court of Scott County to contest the election. Craig was named as contestee. The pleading alleged, inter alia, that fraud, misconduct and irregularities had occurred in the elections held in the two involved counties. Contestant laid before respondent here, as judge of the 32nd judicial circuit, a copy of his petition and an "Application for a Date for a Preliminary Hearing as Required by V.A.M.S. § 120.020

[sic]." Respondent made an order finding that Craig was "unavailable" and ordered "that Contestant and Contestee shall meet in the Circuit Court Room [sic] at Scott County, Missouri on the 17th day of August, 1976, at 4:00 P.M. at which time I shall determine whether there shall be a recount of the ballots . . . and make such other orders as may be appropriate at that time." The circuit clerk of Scott County, employing a printed form used in ordinary lawsuits, issued a summons. Omitting the caption and signature of the clerk, it read: "THE STATE OF MISSOU-RI to Defendant *Marshall Craig* you are hereby summoned to appear before the above-named court and to file your pleading to the petition *and order* copy of which is attached hereto, and to serve a copy of your pleading upon . . . attorney for plaintiff, whose address is . . ., all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition." The sheriff made return on the summons to indicate that Craig had been personally served in Scott County with "a copy of the summons and a copy of the petition *and Order*." [1]

Respondent made the following docket sheet entry under date of August 17: "Comes contestant in person and with attorney . . . and contestee by attorneys . . .. Attorneys for contestee file a special appearance and motion to dismiss; [2] briefs on said motion due August 30, 1976, and reply briefs due September 2, 1976. Cause set for trial on September 4, 1976, and to continue over weekend if necessary. Bond set at $1500. Contestant granted leave to file first amended petition, subject to right of contestee to object after ruling made on special appearance." No ruling was made on the motion but on August 28 contestee Craig received a copy of an order made by respondent permitting contestant to take 16, 15 and 5 depositions, respectively, on September 1, 2 and 3.

Craig's petition for writ of prohibition to this court followed.

■ It has been said many times that election contest statutes constitute a code unto themselves [*State ex rel. Gannon v. Cloyd*, 514 S.W.2d 649, 650 (Mo.App.1974)], and since the jurisdiction of the circuit court is defined by the statutes, the letter of those laws is the limit of the court's power. *State ex rel. Phillips v. Barton*, 300 Mo. 76, 91, 254 S.W. 85, 89 (banc 1923).

■ Among other things, relator Craig asseverates that respondent judge lacks jurisdiction of the cause because a valid summons was not served upon him. Proper service of process (in this case, a summons) in the form and manner prescribed by law has ever been a prerequisite to a court's acquiring jurisdiction of the person albeit has jurisdiction of the subject matter of the action [*State ex rel. MFA Mutual Insurance Company v. Rooney*, 406 S.W.2d 1, 5 (Mo. banc 1966); *Kerr v. Kerr*, 519 S.W.2d 303, 305[1] (Mo.App.1975); *St. Ferdinand Sewer Dist. of St. Louis County v. Turner*, 208 S.W.2d 85, 87[2] (Mo.App.1948); *State ex rel. Quincy, O. & K. C. R. Co. v. Myers*, 126 Mo.App. 544, 549, 104 S.W. 1146, 1147[1] (1907)], and service of a defective or void summons is the equivalent to no service at all. *State ex rel. Ratliff v. Morant*, 271 S.W.2d 230, 232 (Mo.App.1954); *Henman v. Westheimer*, 110 Mo.App. 191, 197, 85 S.W. 101, 103[3] (1905).

As regards the summons in this case, §§ 124.010 and 124.020 (L.1972), V.A.M.S., provide, in substance, that when the contest petition is filed within five days after the result of the canvass of the votes has been certified, contestant shall forthwith present the petition to the judge who shall immediately note thereon the date of presentment and shall immediately set a date for a preliminary hearing on the petition within five days. When this has been done, the circuit clerk "shall forthwith issue summons upon the petition to the contestee returnable to the day designated by the court" in its

---

1. All italicized words were added to the printed forms by typewriter.

2. The motion to dismiss was based on respondent's lack of jurisdiction.

order setting a date for the preliminary hearing.

■ "The function of the service of the summons upon the contestee is to fix the day upon which he must appear in court" [*State ex rel. Bess v. Schult*, 143 S.W.2d 486, 492[7 and 9] (Mo.App.1940)], and the law requires that the summons upon the petition to the contestee shall be returnable to the day designated by the court or judge for the preliminary hearing. § 124.020, subsec. 2, V.A.M.S.; *State ex rel. O'Reilly v. Kirkwood*, 407 S.W.2d 613, 614 (Mo.App. 1966). Consequently, the summons in this case should have been worded so as to fix the date upon which contestee was required to appear in court as being August 17. However, as previously noted and contrary to law, the summons actually issued required contestee "to appear . . . within 30 days after service of this summons upon you." Furthermore, and contrary to the summons issued, the law governing primary election contest cases does not require the contestee to file any pleadings to avoid default. *State ex rel. Bess v. Schult*, supra, 143 S.W.2d at 492.

■ The purpose of having a summons issued and served on the contestee is to acquire jurisdiction over his person. Possessed of this importance, the service of a summons as required by law becomes jurisdictional and is absolutely essential to the validity of the proceeding. *Ramsey v. Huck*, 267 Mo. 333, 338, 184 S.W. 966, 969 (banc 1916). Although a contestee may be apprised from his knowledge of the court's order or otherwise that his appearance is expected on a day differing from that stated in the summons, a summons commanding him to appear 30 days hence does not confer jurisdiction over his person so as to require his appearance at an earlier time not stated in the summons. Cf. *Davenport v. Teeters*, 273 S.W.2d 506, 511[4] (Mo.App. 1954); *State ex rel. Rakowsky v. Bates*, 286 S.W. 420, 422[5] (Mo.App.1926). The law does not provide for nor does it contemplate the service on the contestee of a copy of the court's order setting the date for the preliminary hearing. Its attachment to the petition or the summons serves no office other than surplusage. In regard to respondent's contention that contestant should not be prejudiced by the error of the circuit clerk in issuing a wrong summons, "[a] sufficient answer to that is that neither should the contestee be prejudiced by such neglect." *Jones v. Buckley*, 425 S.W.2d 204, 207[6] (Mo.1968).

■ While admitting that contestee moved to dismiss the contestant's petition on the ground that the court was without jurisdiction, respondent now argues that because contestee failed to raise the defense of insufficiency of process or insufficiency of service of process in the trial court he cannot raise it in this original proceeding. The fact, if it be a fact, that contestee did not raise an objection to jurisdiction because of insufficiency of process, would not confer jurisdiction where none existed. It was the duty of the trial court to ascertain jurisdiction over the person of the contestee before proceeding with the contest action. The court should have ascertained that the summons did not command contestee to appear on August 17 but rather commanded him to appear 30 days after he had been served on August 13 before attempting to proceed in any form to adjudicate the merits of the case. *State ex rel. Rakowsky v. Bates*, supra, 286 S.W. at 422[7]. And as the five-day period within which the law provides the summons must be made returnable has long since expired, the respondent and the Circuit Court of Scott County have forever lost jurisdiction in the cause. *State ex rel. Frazier v. Green*, 143 S.W.2d 64, 68[5] (Mo.App.1940).

Our provisional rule in prohibition is hereby made absolute.

All concur.

*On Motion for Rehearing or Application to Transfer to the Supreme Court*

PER CURIAM:

■ Prior to filing in this court any motion for rehearing or application for transfer to the Supreme Court, respondent

on October 1, 1976, and contrary to Rule 83.02, V.A.M.R., filed in the Supreme Court his "Application for Transfer," which court, on the same day of filing, denied said application. Thereafter on October 4, 1976, respondent filed in this court his motion for rehearing and an alternative application for transfer. In contradiction of the patent purpose of the motion, the written suggestions and a telegram accompanying it, urged this court, inter alia, to "deny a rehearing and transfer this case to the Supreme Court." Thus, and in substance, this court was petitioned to oblige the admitted frivolousness of the motion and grant the application in a tacit overruling of the prior denial by the Supreme Court. Albeit we stand willing to accommodate respondent on the motion, we possess neither the authority nor the temerity to grant him succor on the application. Accordingly, respondent's motion for rehearing and application for transfer are denied.

All concur.