STATE of Missouri ex rel. John K. TRA-
VERS, Judy Svetanics, George Mehan,
and Donald West, constituting the
Board of Election Commissioners, Rela-
tor,

v.

Ivan Lee HOLT, Jr., Judge of the Circuit
Court of the City of St. Louis,
Respondent.

No. 40842.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 11, 1978.

Motion for Rehearing and/or Transfer
Denied Nov. 15, 1978.

Jack L. Koehr, City Counselor, Timothy
G. Noble, Assoc. City Counselor, St. Louis,
for relator.

Morton L. Schwartz, St. Louis, for re-
spondent.

PER CURIAM.

This is an original proceeding in prohibi-
tion wherein relator, the Board of Election
Commissioners, seeks to prohibit the circuit
court from issuing its order dated August
18, 1978. The circuit court ordered that:
(1) relator permit an inspection not to ex-
ceed three working days of the voting ma-
chine counters, the tally sheets, the voter
registration cards, and the voter identifica-
tion certificates of the primary election of
August 8, 1978, for the First Congressional
District of Missouri by three teams of two
members each, to be designated by relator,
one member to be from the Republican
Party and one member to be from the Dem-
ocratic Party, all of whom shall be non-resi-
dents of the First Congressional District,
said members to serve as Deputy Election
Commissioners to carry out the inspection
and to be compensated by respondents here-
in (plaintiffs below) at the rate of pay des-
ignated by statute; (2) relator also permit
Gerald Peckinuk, Lauren Brubaker, and Or-
rin Ellis to participate in the inspection on
behalf of respondent; (3) relator is tempo-
rarily enjoined from taking any further ac-
tion with regard to any of the above de-
scribed voting machine counters, tally
sheets, voter registration cards, and voter
identification certificates; and (4) respon-
dents deposit into the registry of the court
$500.00 as security as provided by law, in-
cluding payment of the special commission-
ers as provided above. The circuit court
further ordered that its order would not
become effective until the $500.00 bond is
deposited or August 22, 1978 at 2:00 p. m.,
whichever is later.

The issue in the proceeding is very limit-
ed; the question is whether the circuit
court had the authority to issue this order.
See, e. g., State ex rel. Vogel v. Campbell,
505 S.W.2d 54, 58 (Mo. banc 1974); State ex
rel. T. J. H. v. Bills, 504 S.W.2d 76 (Mo.
banc 1974). We have examined the plead-
ings, the federal statutes[1] cited by respon-
dent, and our state primary election contest

---

1. 28 U.S.C. § 1343 et seq.; 42 U.S.C. § 1983 et seq.

**670**

statutes,[2] which constitute a code unto themselves, *see State ex rel. Camillo v. Hess*, 458 S.W.2d 721 (Mo.App.1970), and as such defines and limits the jurisdiction of the circuit court in election contests. *See, e. g., State ex rel. Phillips v. Barton*, 300 Mo. 79, 91, 254 S.W. 85, 89 (banc 1923); *State ex rel. Craig v. Grimm*, 542 S.W.2d 335, 337 (Mo.App.1976). We are convinced that the circuit court has acted in excess of its jurisdiction in issuing the order herein set forth. *See Moore v. City of Pacific*, 534 S.W.2d 486, 500–01 (Mo.App.1976) (federal constitutional and statutory grounds); *State ex rel. Bonzon v. Weinstein*, 514 S.W.2d 357, 362–63 (Mo.App.1974) (Missouri election contest statutes).

For this reason the preliminary writ of prohibition is made absolute.

All Judges concur.

---

2.  § 115.527 *et seq.* RSMo Supp. 1977 (effective Jan. 1, 1978).