**STATE of Missouri ex rel. Elsa Debra HILL, Rev. Dorothy Rhodes, et al., Plaintiffs-Appellants,**

v.

**John K. TRAVERS et al., constituting Board of Election Commissioners, et al., Defendants-Respondents.**

**No. 41031.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 8, 1980.

Morton L. Schwartz, St. Louis, for plaintiffs-appellants.

Jack L. Koehr, City Counselor, Timothy G. Noble, Associate City Counselor, St. Louis, for defendants-respondents.

STEPHAN, Judge.

Plaintiffs appeal the dismissal, with prejudice, of their petition for failure to state a claim on which relief could be granted. We affirm.

Plaintiffs are registered voters of Missouri's First Congressional District, suing on behalf of all Democratic voters of that district purportedly as a class action seeking, inter alia, to have the August 8, 1978, Democratic primary election for the district declared null and void. (Representative William Clay won his party's candidacy in that election.) Defendants Travers, West, Svetanics and Mehan are identified in the cap-

tion of the petition as the Board of Election Commissioners of the City of St. Louis (Board); defendant Kirkpatrick is identified as the Secretary of State of Missouri. The basis of plaintiffs' complaint is thus stated:

> "There were many irregularities in this election. Among other irregularities (2) voter seals were not on the machines. At least (2) machines had the lever locked or blocked by the name of Elsa Debra Hill. Judge Charles Stapples' [sic] lever was locked or blocked in at least one polling place. In at least one polling place the election official actually went inside the closed curtain with a voter and voted for her, not allowing her to cast her ballot."

Plaintiffs requested the court to declare the election void; to enjoin defendants from certifying William Clay as the Democratic candidate; to order the voting machines, tally sheets and signature cards impounded for inspection by plaintiffs and the court; to order the Board to hold another primary election for the district; and to order defendants to show cause why the requested injunction should not be issued. Plaintiffs also sought costs for themselves and damages for all unsuccessful candidates in the primary. Plaintiffs requested such relief pursuant to 42 U.S.C. §§ 1983[1] and 1985 (3).[2,3] The petition was dismissed on defendants' motion on September 15, 1978.[4]

■■■ The petition fails to state a claim against defendants under 42 U.S.C. § 1983. In *Schuman v. State of California*, 584 F.2d 868 (9th Cir. 1978), the court held that a petition grounded on § 1983 which merely

---

1. "§ 1983. Civil action for deprivation of rights
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. "§ 1985. Conspiracy to interfere with civil rights—Preventing officer from performing duties

   \* \* \* \* \* \*

   (3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

3. Title 28 U.S.C. § 1343 vests the circuit courts of this state with concurrent jurisdiction to adjudicate the instant federal claims. *Shapiro v. Columbia Union National Bank and Trust Co.*, 576 S.W.2d 310, 315–316 (Mo. banc 1979), cert. denied 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979).

4. The litigation spawned by this dispute has previously reached this court. On August 18, 1978, (three days after the instant petition was filed and defendants were ordered to show cause why the requested temporary injunction should not be granted) plaintiffs applied to the circuit court for a restraining order. In an effort to preclude the possible alteration of evidence, plaintiffs sought an order enjoining the Board "from further canvassing or dealing with" the tally sheets, voter registration cards and voting machines; and granting plaintiffs the right to inspect such voting paraphernalia. On August 18, the circuit court issued an order granting plaintiffs essentially the relief requested, said order to go into effect on August 22. The Board thereafter applied to this court for a writ of prohibition to stay the restraining order. The preliminary writ was issued on August 22, 1978, and was made permanent on September 11, 1978. The case is reported as *State ex rel. Travers v. Holt*, 573 S.W.2d 669 (Mo.App. 1978).

listed certain state officials as defendants yet alleged no acts on their part failed to state a claim against those officials. Id., 870. The instant petition alleges that "[t]here were many irregularities in this election," and enumerates several such claimed irregularities. However, it attributes no conduct, or misconduct, whatsoever to defendants. It is not alleged that defendants, or any of them, personally tampered with the voting machines or accompanied a voter into the booth. Aside from the closing prayer for relief, defendants are mentioned only in the caption of the petition. Furthermore, in a § 1983 action against a government official, " '[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights. The doctrine of *respondeat superior* has no application under this section.' " *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977), quoting from *Bennett v. Gravelle*, 323 F.Supp. 203, 214 (D.Md.1971), aff'd 451 F.2d 1011 (4th Cir. 1971), cert. denied 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692.

> ". . . [I]t is necessary to establish actual personal knowledge or involvement, the personal ordering of a subordinate to do acts, or actual knowledge of the acts of subordinates and acquiescence therein if liability of a superior, in a civil rights action is to be found."

*Mitchell v. Hendricks*, 431 F.Supp. 1295, 1301 (E.D.Pa.1977). Accord, *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *McDonald v. State of Illinois*, 557 F.2d 596, 602 (7th Cir.1977), cert. denied 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453; *Mingo v. Patterson*, 455 F.Supp. 1358, 1360 (D.Colo.1978); *Knipp v. Weikle*, 405 F.Supp. 782, 783 (N.D. Ohio 1975). If, therefore, defendants' liability under this section is to be based on the malfeasance of subordinate election officials, plaintiffs must demonstrate more than that malfeasance and the employment relationship between those officials and de-

fendants; it must be alleged and shown that defendants actively caused or fostered that conduct or knowingly acquiesced in it. The petition is wholly void of pleading to that effect or of allegation of facts from which such would appear to be the case.

▇ Under 42 U.S.C. § 1985(3), plaintiffs must demonstrate that defendants engaged in a conspiracy the object of which was the denial to plaintiffs of the equal privileges secured to them by law. *Griffin v. Breckenridge*, 403 U.S. 88, 101–102, 91 S.Ct. 1790, 1797–1798, 29 L.Ed.2d 338 (1971). Such conspiracy must be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Id. The instant petition contains no allegation of conspiracy whatsoever. See *Thomas v. Economic Action Committee, etc.*, 504 F.2d 563 (5th Cir. 1974); *Barnes v. Dorsey*, 480 F.2d 1057, 1061 (8th Cir. 1973). Furthermore, it fails to allege the necessary "racial or . . class-based" animus. Though supporters of a political candidate have been held to constitute a distinct "class," conspiracy against whom would be actionable under § 1985(3),[5] plaintiffs have not claimed that the denial of their equal protections resulted from their opposition to William Clay. The petition merely identifies plaintiffs as registered voters of the First Congressional District and states that they are suing on behalf of all Democratic voters of that district. See *Smith v. Martin*, 542 F.2d 688, 690 (6th Cir. 1976), cert. denied 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 388, and *Means v. Wilson*, 522 F.2d 833, 840–841 (8th Cir. 1975), cert. denied 424 U.S. 958, 96 S.Ct. 1436, 47 L.Ed.2d 364, in which failure to allege the necessary animus was held to constitute grounds for dismissal of plaintiffs' § 1985(3) claims.

▇ The myriad random human and mechanical errors which occur inevitably in an election of any magnitude do not necessarily constitute "conduct which is discrimina-

---

5. *Means v. Wilson*, 522 F.2d 833, 839–840 (8th Cir. 1975), cert. denied 424 U.S. 958, 96 S.Ct. 1436, 47 L.Ed.2d 364; *Cameron v. Brock*, 473 F.2d 608, 610 (6th Cir. 1973). However, in *Griffin* supra, the Supreme Court had specifi-

cally declined to consider whether a "conspiracy motivated by invidiously discriminatory intent other than racial bias would be actionable" under § 1985(3). 403 U.S. 102, n.9, 91 S.Ct. 1798, n.9.

tory by reason of its effect or inherent nature," and do not, in and of themselves, give rise to a § 1983 claim. *Hennings v. Grafton*, 523 F.2d 861, 864 (7th Cir. 1975). The petition makes no claim that the irregularities therein described were anything other than random errors and, therefore, fails to state a claim.

We have not been called upon to determine whether the alleged irregularities provide plaintiffs a remedy under state law, §§ 115.527 et seq., RSMo 1978, as plaintiffs have not asserted such a claim.

Defendants' motion to dismiss the appeal because of plaintiffs' failure to comply with Rule 84.04 in the preparation of their brief, though not without merit, is denied as moot in light of the disposition of the case.

The judgment of the circuit court is affirmed.

GUNN, P. J., and PUDLOWSKI, J., concur.