**STATE of Missouri, ex rel., John Fox ARNOLD, Al Bauer, Katherine Rea, and Ann R. Ruwitch, in their capacity as the Board of Election Commissioners of St. Louis County, Missouri, Relators,**

v.

**The Honorable Robert G.J. HOESTER, Circuit Judge of St. Louis County, Missouri.**

No. 48971.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 23, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied Jan. 15, 1985.

Kenneth M. Romines, Clayton, for relator.

Robert Herman, St. Louis, for respondent.

SMITH, Presiding Judge.

This case is before us following the issuance of our preliminary writ of prohibition precluding respondent from proceeding further following his order for a recount in an election contest arising from an election on April 3, 1984. The underlying suit was brought by three candidates for the office of Trustee in the Village of Breckenridge Hills. At issue were four positions on the Board of Trustees. The three contestants received fewer votes than four other candidates. We make our preliminary writ absolute.

Several issues have been raised before us. We need deal with only one. The only parties-defendant in the underlying suit are the Board of Election Commissioners of St. Louis County and the Village of Breckenridge Hills. The four candidates receiving the highest number of votes were neither named as parties nor served. The election

contest statutes, Sections 115.526 through 115.601 RSMo.1978 and Cum.Supp.1982, are *sui generis* and the requirements of the statute must be rigidly adhered to. *State ex rel. Bushmeyer v. Cahill*, 575 S.W.2d 229 (Mo.App.1978) [2–4]; *State ex rel. Craig v. Grimm*, 542 S.W.2d 335 (Mo. App.1976) [1].

Sec. 115.579 RSMo 1978 provides the clerk of the circuit court, "shall issue a summons upon the petition to the contestee ..." It further states that "[i]f the contestee cannot be found within two days, the summons shall be served by leaving the summons and a copy of the petition at the residence address shown on the contestee's declaration of candidacy ..."

Respondent contends, however, that the "contestee" is the Board of Election Commissioners and relies upon Sec. 115.553.2 RSMo 1978. That reliance is misplaced. Subparagraph 2 of 115.553 deals with contests of "questions" not contests of candidates. In that posture the election authority is the only logical "contestee" available for service. Engrafting the definition of contestee found in that subparagraph on the provisions of Sec. 115.579 would lead to absurd results. In the first place, an election authority does not have a "declaration of candidacy" showing its residence address as it is not a candidate. Secondly, subparagraph 2 of Sec. 115.579 provides for sending a copy of the petition to the "election authority responsible for issuing a statement announcing the results of the contested election." It is beyond belief that both the service provisions of subparagraph 1 and the mail provisions of subparagraph 2 are intended to provide notice to the same entity and to provide no notice to the person whose election is being challenged. Thirdly, the entire election contest statute (Sec. 115.527–115.601) evidences the clear legislative intent to provide an adversary proceeding in which the candidate receiving the most votes can defend his election. See Secs. 115.526, 115.533, 115.539, 115.543, 115.551, 115.553, 115.557, 115.559, 115,561, 115.567, 115.569, 115.579, 115.581, 115.583, 115.587, 115.599, 115.601. Finally, the language of Sec. 115.595 specifically

states, "If the contest is decided against the *contestee,* the court or legislative body trying the contest shall make an order for *him* to give up the office to the person determined to be entitled to the office ..." (Emphasis supplied). All of this makes abundantly clear that when the word "contestee" is used in the election contest statutes it refers to the successful candidate or candidates except in the case of a "question" where the term is specifically otherwise defined.

The requirements of Sec. 115.579 were not here complied with and the trial court lacked jurisdiction to proceed with the election contest or the recount. *State ex rel. Craig v. Grimm,* supra, [4–6].

Preliminary writ of prohibition is made absolute.

STEWART and SATZ, JJ., concur.