**Mary Ann SCHUMAN, Plaintiff-Appellant,**

v.

**The STATE OF CALIFORNIA, Defendant-Appellee.**

No. 77–2856.

United States Court of Appeals, Ninth Circuit.

July 19, 1978.

Rehearing Denied Oct. 30, 1978.

Mary Ann Schuman, in pro per.

Evelle J. Younger, Atty. Gen., Los Angeles, Cal., for defendant-appellee.

Before CHOY and ANDERSON, Circuit Judges, and PALMIERI,* District Judge.

PER CURIAM:

Ms. Schuman appeals from the dismissal with prejudice of her amended complaint brought under 42 U.S.C. §§ 1983, 1985(3). We affirm.

Appellant is an elderly person who was required to take several motor vehicle driving tests which led to the revocation of her driver's license. Her persistent efforts to regain her license, all fruitless, included a state court mandamus action and taking additional driving tests. In her instant suit,

* The Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

she names as defendants the Governor and the Attorney General of the State of California, a state trial judge, two deputy state attorneys general, a state highway patrolman, several employees of the State Department of Motor Vehicles (DMV), and the City of Riverside.

To state a cause of action under § 1985(3), appellant must claim "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). No such claim was made.

Since that portion of the amended complaint based on § 1983 alleges no acts on the part of the state defendants (besides the DMV employees), but merely lists their names, no claim for relief is stated as to them. Also, the state trial judge, who presided over the mandamus action, enjoys judicial immunity in suits of this nature. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (*passim*). Therefore, the dismissal of the § 1983 action as to the non-DMV state defendants was proper.

Until recently, the City of Riverside would not have been considered a "person" within the meaning of § 1983. However, the Supreme Court has held in *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), that

> Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies. Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.

436 at 690, 98 S.Ct. at 2035–36 (emphasis original) (footnotes omitted). Therefore, the City of Riverside is subject to suit in this case.

As to the City and the DMV employees who were allegedly involved in the license revocation: § 1983 requires the deprivation of a federal right. *Williams v. Field,* 416 F.2d 483, 485 (9th Cir. 1969). We find such a federal right by adopting the analysis of the First Circuit which held that the use of a motor vehicle is a "liberty" interest protected by due process. *See Raper v. Lucey,* 488 F.2d 748, 751 (1st Cir. 1973); *Wall v. King,* 206 F.2d 878, 882 (1st Cir.), *cert. denied,* 346 U.S. 915, 74 S.Ct. 275, 98 L.Ed. 411 (1953); *cf. Bell v. Burson,* 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90 (1971) ("Suspension of issued licenses . . . involves state action that adjudicates important interests of the licensees."). Therefore, the application and suspension of such a motor vehicle license must comport with the due process requirements of the fourteenth amendment of the federal Constitution.

Here, the DMV employees tested appellant's driving skills at least three different times. Next she was afforded a "hearing on lack of skills" where she was present and elected to proceed without counsel, as a result of which revocation of her license was recommended. The DMV then ordered her license revoked and notified appellant accordingly. Appellant was accorded due process.

AFFIRMED.