**Diana VASQUEZ, Plaintiff,**

v.

**The CITY OF RENO, James Parker, Terry Weyl, Donald Drum, Joan Wholey, Terry L. Johnson, Guy McKillip, Eric Soderblom, Dennis Rossi, Linda Govedich, Sharon Gale Eskew, Sandee Chase, Defendants.**

**Civ. No. 78–0055–HEC.**

United States District Court,
D. Nevada,
Civil Division.

Dec. 7, 1978.

G. C. Backus, Reno, Nev., for plaintiff.

Wait, Shamberger, Georgeson, McQuaid & Thompson, Reno, Nev., for defendants.

## MEMORANDUM DECISION

CLAIBORNE, District Judge.

This is a Civil Rights action, alleging jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and alleging violations of 42 U.S.C. §§ 1981, 1983, 1985(2), 1986 and 2000e and 29 U.S.C. § 623(a). The Defendants, and each of them, have moved to dismiss each of the claims pursuant to the following alleged facts:

At all relevant times Plaintiff, an Hispanic woman in her early forties, was employed with the Defendant, City of Reno, on a temporary basis as a dispatcher. She applied for the permanent position of female jailer at the Reno City Jail. Defendants Parker and Weyl, the Police Chief and Psychologist employed by the City, respectively, conspired to discriminate in hiring practices of the Police Department. These Defendants set forth a psychological hiring profile, the passage of which was a prerequisite to this employment. The profile was made on the basis of tests ran on young white males—allegedly "rookie" policemen. Based on this profile, the Defendants used these standards as grounds for rejecting Plaintiff's application for employment as a female jailer.

Plaintiff complained of the situation to the Reno Civil Service Commission, comprised of Defendants Burgess, Stewart, Fremouth, O'Gara and McCarthy. Because of adverse publicity, the Commission was forced to investigate Plaintiff's claims and forced to place Plaintiff's name on the list of those eligible (although there were no openings for the position of female jailer at that time). With the knowledge of the Commission and Defendants Parker and Johnson, all of whom had the power to prevent the situation, Defendants Drum, Rossi, Eskew, Chase, Wholey, Govedich, Soderblom and McKillip entered into a conspiracy to retaliate against Plaintiff for bringing charges of discrimination and prevailing. This conspiracy amounted to a harassment scheme, with the intent of causing Plaintiff to quit her job with the City of Reno, and motivated by reason of Plaintiff's exercise of her first amendment freedoms of speech and right to petition the government for redress of grievances.

At all relevant times the governing body of the City of Reno knew of the misconduct of its agents and servants, and failed to act to correct the situation.

Based on these alleged facts, Defendants, and each of them, bring this Motion to Dismiss. Each ground shall be considered separately.

*The 42 U.S.C. § 1981 claim:*

Plaintiff has alleged discrimination based upon a number of simultaneous and

concurrent factors—sex, age, and, arguably (cf. *Keys v. School District No. 1, Denver, Colorado,* 413 U.S. 189, 195–198, 93 S.Ct. 2686, 37 L.Ed.2d 548) race (notwithstanding Plaintiff's allegation of discrimination based on national origin in her Complaint). Defendant contends that the allegation fails to state a claim under 42 U.S.C. § 1981. The contention is sound.

An analogous situation to the case at bar was contained in *League of Academic Women v. Regents of the University of California,* 343 F.Supp. 636 (D.C.Cal., 1972). In that case, the first cause of action alleged in the complaint was that the policies and practices of defendants denied to plaintiffs and to the class they represented an equal right to make and enforce employment contracts as was enjoyed by *white male* citizens. Plaintiffs contended that these acts constituted a violation of 42 U.S.C. § 1981. (emphasis added). 343 F.Supp. at 638. The Court held that this allegation failed to state a claim under 42 U.S.C. § 1981, stating: "While 42 U.S.C. § 1981 may go somewhat beyond strictly racial discrimination to extend protection to aliens [cite omitted], such a situation is not presented here. Accordingly, this Court is without jurisdiction over the first cause of action in this complaint alleging a violation of 42 U.S.C. § 1981, and it is therefore dismissed." 343 F.Supp. at 640.

It is well settled that an employment discrimination claim may lie under 42 U.S.C. § 1981 if an employee is discharged or otherwise discriminated against *solely* because of his race. *Keys v. Continental Illinois Nat. Bank & Trust Co. of Chicago,* 357 F.Supp. 376, 379 (D.C.Ill., 1973); *Sanders v. Dobbs House, Inc.,* 431 F.2d 1097 (5th Cir., 1971), *cert. den.* 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231. However, this is not the case here. Plaintiff has alleged a scheme which inextricably intertwines racial, age and sex discrimination. Accordingly, the § 1981 claim is dismissed as against all defendants without leave to amend.

*The 42 U.S.C. § 1983 Claim against the City of Reno:*

■ The Defendant City moves to dismiss the Plaintiff's claim grounded on 42 U.S.C. § 1983 on the grounds that it is not a "person" within the meaning of that section. The United States Supreme Court recently set forth the guidelines viz a municipality's liability under 42 U.S.C. § 1983 in *Monell v. Department of Social Services* (1978), 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611. The *Monell* Court overruled *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) insofar as that case holds that local governments are wholly immune from suit under § 1983, *Id.* at 696–700, 98 S.Ct. 2018 and, in its place, set forth this rule: "We conclude, therefore, that a local government may not be sued for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983". At 694, 98 S.Ct. at 2038.

Thus, the question is: Is Plaintiff alleging the City's liability on the theory of respondeat superior (i. e., imputing the acts of Parker, Weyl, et al. to the City), or on the theory that the City's policy or custom, as executed by its agents and servants, caused Ms. Vasquez' injury? There is no allegation contained in the complaint of any such "custom or policy", and none can fairly be implied; accordingly, Plaintiff is alleging the City's liability on the theory of respondeat superior. The City clearly cannot be held liable on this theory.

Plaintiff, however, attempts to get around the "person" requirement of § 1983 by alleging jurisdiction on the basis of 28 U.S.C. § 1331. Her theory is that acts of discrimination in violation of the Fourteenth Amendment to the U.S. Constitution constitute a "constitutional tort", for which the Court has jurisdiction under 28 U.S.C. § 1331 (as long as the amount in controversy exceeds $10,000), and, as this theory constitutes an alternative theory to 42 U.S.C.

§§ 1981 et seq., she need not prove that a City is a "person" in order to prevail.

■ It is true that a Plaintiff may state a cause of action for damages where a Defendant violates the rights granted to Plaintiff by the Fourth Amendment (*Bivens v. Six Unknown Agents,* 403 U.S. 388, 395–399, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)), or, apparently, by the First Amendment (*Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 279, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). However, the Supreme Court in *Mt. Healthy* made this general statement concerning the interface of a § 1983 action with a "constitutional tort action": " . . . [W]here an action had been brought in excess of $10,000 in controversy, jurisdiction is sufficiently established by allegation of a claim under the Constitution or federal statutes, unless it . . . 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction.'" *Bell v. Hood* (1946) 327 U.S. 678, 682, [66 S.Ct. 773, 776, 90 L.Ed. 939;] *Montana-Dakota Utilities Co. v. Northwestern Pub. Serv. Co.* (1951), 341 U.S. 246, 249, 71 S.Ct. 692, 95 L.Ed. 912." 429 U.S. at 278–279, 97 S.Ct. at 572.

In Plaintiff's Supplemental Points and Authorities in Opposition to Motion to Dismiss, Plaintiff states: "When Plaintiff's counsel drew-up the Complaint in this case, he had in mind getting around the decision in *Monroe v. Pape* [cite omitted]. . . . The decision in *Mt. Healthy City School Dist. Board of Education v. Doyle* [cite omitted] made it appear that from 28 U.S.C. § 1331 directly to the Constitution of the United States was going to be the way." *Id.* at p. 1. Besides being an inaccurate interpretation of the *Mt. Healthy* decision this statement implies that Plaintiff alleged jurisdiction under 28 U.S.C. § 1331 solely for the purpose of obviating the *Monroe v. Pape* holding—i. e., a city's immunity from suit under 42 U.S.C. § 1983. This is clearly improper under the above-cited standards of the *Mt. Healthy* case.

Accordingly, as jurisdiction under 28 U.S.C. § 1331 is improper in the case at bar, Plaintiff has failed to state a claim against the Defendant City of Reno under 42 U.S.C. 1983, and that claim is dismissed with leave to amend as against that Defendant.

*The 42 U.S.C. § 1985 Claim:*

■ Plaintiff contends that the facts as alleged against Defendants Drum, Rossi, Eskew, Chase, Wholey, Govedich, Soderblom and McKillip, state a claim under 42 U.S.C. § 1985(2). That section states, in pertinent part:

" . . . If two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, . . . or attempting to enforce, the right of any person . . . to the equal protection of the law."

■ Plaintiff merely alleges that these defendants conspired to retaliate against and harass the Plaintiff because of her successful protests to the Reno Civil Service Commission. This allegation is insufficient to state a claim under 42 U.S.C. § 1985(2) for two reasons. First of all, a complaint alleging violation of this section must do more than state vague and conclusionary allegations respecting the existence of a conspiracy; it must allege with some degree of particularity overt acts by defendants which relate to the promotion of the conspiracy claimed. *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2nd Cir., 1964). This alleged conspiracy does not contain the requisite degree of particularity. Secondly, the Complaint does not state what "due course of justice" was impeded, or how these defendants "impeded" it. A mere "harassment scheme", even if true, would not appear to this Court to fall within the scope of 42 U.S.C. § 1985(2).

This conspiracy as alleged constitutes the only wrongful acts of the Defendants Drum, Rossi, Eskew, Chase, Wholey, Govedich, Soderblom and McKillip in the entire complaint. Accordingly, the 42 U.S.C. § 1985(2) claim is dismissed with leave to amend, and failure to amend in accord with this opinion shall result in a permanent dismissal of these Defendants.

*The Claim against the Members of the Reno Civil Service Commission:*

■ Defendants make a special motion to dismiss as to the individual Defendants of the Reno Civil Service Commission, Burgess, Stewart, Fremouth,' O'Gara and McCarthy, on the grounds that their acts as alleged did not constitute a deprivation of Plaintiff's civil rights.

In support of this special motion, Defendants cite *Jennings v. Nester,* 217 F.2d 153, 157 (7th Cir., 1954), wherein the Court stated: "In determining whether or not plaintiff's constitutional rights have been deprived, we must look at everything that transpired. It is obvious from the complaint as he stands today, the plaintiff has been accorded due process as required by the Fourteenth Amendment. If we should allow this action [detention after conviction, before reversal] for what, if anything, *was only a temporary denial,* then every new trial . . ., or any like procedures in other states, would give rise to a cause of action for damages under 42 U.S.C. § 1983 or 1985. We are sure that Congress did not intend such a result." (emphasis added). 217 F.2d at 155.

The principles of *Jennings v. Nester* apply to the Reno Civil Service Commission in the case at bar. A point in time herein existed, after which Plaintiff filed her grievance with the Commission, and before which the Commission put her name back on the hiring list for the position of female jailer. It would seem that during this period the Commission, at most, caused Plaintiff a temporary denial of her civil rights. The Commission could not reasonably be expected to do more than place Plaintiff's name back on the hiring list and, furthermore, it would seem that the actions which the Commission took permanently abated this "temporary denial" of Plaintiff's civil rights.

Accordingly, I dismiss the complaint without leave to amend as to the Defendants Burgess, Stewart, Fremouth, O'Gara and McCarthy.

*The 42 U.S.C. § 1986 Claim:*

■ The Defendant City of Reno moves to dismiss Counts Three and Four of the Complaint insofar as they allege § 1986 violations by the City. 42 U.S.C. § 1986 imposes liability on *persons* who know of violations of 42 U.S.C. § 1985, have the power to prevent the commission of said violations, and refuse or neglect to do so. The City contends that it is not a person within the meaning of this section as a matter of law.

It has been held that a City, or other municipal corporation, is not a person within the meaning of 42 U.S.C. § 1986, on the authority of *Monroe v. Pape. Arunga v. Weldon,* 469 F.2d 675, 676 (9th Cir., 1972). This theory must be reexamined in light of · the principles heretofore stated in *Monell v. Department of Social Services, supra.*

Applying the *Monell* principles to 42 U.S.C. § 1986, it would seem that if a City or other Municipal Corporation had a policy or custom of refusing or neglecting to prevent commissions of violations of 42 U.S.C. § 1985, and the City's agents, servants, and employees followed that policy or custom, then a City could be held liable under § 1986. Otherwise, the refusal or neglect would be carried forth only by the City's agents, servants and employees and, as such, the "theory of liability" as to the City would be respondeat superior. That is to say, in the latter circumstances, a City could not be held liable under the principles as stated in *Monell.*

Plaintiff has not alleged that the City of Reno had a policy or custom of refusing or neglecting to prevent commissions of violations of 42 U.S.C. § 1985. Accordingly, Plaintiff's claim against Defendant City of Reno for violations of 42 U.S.C. § 1986 is dismissed with leave to amend.

*The 42 U.S.C. § 2000e claim:*

■ Defendant contends that Plaintiff cannot bring a Federal Court action under this section of Title 42 for the reason that she has failed to exhaust her administrative remedies. Plaintiff argues that she filed a claim with the Nevada Equal Rights Com-

mission, and that the claim has "long since died in the Commission's file cabinet" without any affirmative action being taken.

Even if this is true, however, Section 2000e requires that, after filing charges with the appropriate state agency, a Plaintiff must exhaust his federal administrative remedies by filing charges with the Federal E.E.O.C. and receiving a notice of right to sue after unsuccessful conciliation efforts. 42 U.S.C. § 2000e–5(d). There is no evidence before this Court that Plaintiff has exhausted her federal administrative remedy. The filing of charges with the E.E.O.C. and the receipt of a notice of right to sue are jurisdictional requirements, and their absence precludes a Plaintiff from maintaining an action in Federal Court under 42 U.S.C. § 2000e. *Glus v. G. C. Murphy Co.,* 562 F.2d 880, 885 (3rd Cir., 1977).

 It is true that the remedies available under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and under 42 U.S.C. §§ 1981–1985, inclusive, are separate, distinct and independent, and that an action can be brought for employment discrimination under §§ 1983 and 1985, notwithstanding Title VII. See *Johnson v. Railway Express Agency,* 421 U.S. 454, 461, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Johnson v. City of Cincinnati,* 450 F.2d 796, 798 (6th Cir., 1971). Therefore, the dismissal of Plaintiff's claim under 42 U.S.C. § 2000e in no way affects her claim under § 1983. Nonetheless, Plaintiff's claim under 42 U.S.C. § 2000e is dismissed as to all defendants. Leave to amend is granted, as the Court understands that E.E.O.C. proceedings vis-a-vis Ms. Vasquez' claim have been instituted, and are either completed or near completion.

*Plaintiff's 29 U.S.C. § 623(a) Claim:*

 Finally, Plaintiff claims that the Defendants discriminated against Plaintiff on the basis of age, in violation of 29 U.S.C. § 623. Defendant contends that this action likewise must be dismissed for failure to exhaust Plaintiff's federal administrative remedies.

29 U.S.C. § 626(d) provides that a prerequisite to the bringing of a civil action for violation of Chapter 14 to Title 29 (§§ 621 et seq.) is the timely filing of a notice of intent to sue with the Secretary of Labor, so that the Secretary can seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference and persuasion. Plaintiff does not allege either that the notice of intent to sue was timely filed, or that the Secretary of Labor took any actions on her behalf.

Like the administrative procedures under Title VII of the 1964 Civil Rights Act, the administrative procedures under the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621 et seq.) are designed to be a condition precedent to the maintenance of a Federal civil action under that Act. Thus, exhaustion of federal administrative remedies under that Act is a jurisdictional prerequisite to the maintenance of a Federal civil action under 29 U.S.C. § 623. *Vaughn v. Chrysler Corporation,* 382 F.Supp. 143, 146–147 (D.C.Mich.1974). Accordingly, Plaintiff's claim under this section is dismissed as against all Defendants with leave to amend.

*SUMMARY:*

Plaintiff's claim under 42 U.S.C. § 1981 is dismissed without leave to amend. Her claims under 42 U.S.C. §§ 1985(2), 1986 and 2000e, and 29 U.S.C. § 623 are dismissed with leave to amend. Defendants Burgess, Stewart, Fremouth, O'Gara and McCarthy are dismissed as to all alleged claims without leave to amend. Defendants, City of Reno, Drum, Rossi, Eskew, Chase, Wholey, Govedich, Soderblom and McKillip are dismissed from the § 1985(2) claim, with leave to amend. Plaintiff has stated a claim against Defendants Parker and Weyl under 42 U.S.C. § 1983.