David R. BENSON et al.,
Plaintiffs–Appellants,

v.

Raymond C. HIGHTOWER et al.,
Defendants–Appellees.

No. 78–3223.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 1980.

Decided Dec. 8, 1980.

Rehearing Denied Jan. 28, 1981.

Cassandra L. Marshall, Malcolm L. Edwards, Edwards, Wetherall & Barbieri, Seattle, Wash., for plaintiffs–appellants.

Charles Pinnell, Asst. U. S. Atty., Seattle, Wash., for defendants–appellants.

Before TRASK and KENNEDY, Circuit Judges, and TASHIMA,* District Judge.

TASHIMA, District Judge.

This is a *Bivens* type[1] constitutional tort damage action against a number of U.S. Customs agents for alleged violation of plaintiffs' Fourth Amendment rights. A search warrant was issued by a United States Magistrate on the affidavit of one of the defendant–agents, declaring, in essence, that he had reasonable cause to believe that plaintiffs were smuggling South African Krugerrand gold pieces into the United States. The warrant was executed, Krugerrands were found and plaintiffs were ar-

---

* The Honorable A. Wallace Tashima, United States District Judge, Central District of California, sitting by designation.

1. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

rested. In due course, an indictment was returned charging plaintiffs with smuggling Krugerrands into the United States in violation of the customs laws. 18 U.S.C. § 545. This charge was subsequently dismissed by the trial judge on the ground that Krugerrands were currency and, thus, not declarable items.[2] This action followed.

The district court granted defendants' motion for summary judgment on the ground that defendants had established as a matter of law on uncontroverted facts the qualified immunity defense. Plaintiffs have appealed from the judgment.

■■ The requirements of that defense are well–established in this circuit. There must have existed, at the time and in light of all of the circumstances, reasonable grounds that the action was appropriate and the officials must have acted in good faith. *Shelton v. United States Customs Service*, 565 F.2d 1140, 1141 (9th Cir. 1977). The record below amply supports the existence of both requirements, primarily the suspicious circumstances and conduct of plaintiffs[3] and the imprimatur of the neutral, independent judicial officer in issuing the search warrant. These facts are not controverted.

The only remaining ground urged by plaintiffs as requiring reversal is the contention that, as a matter of law, the qualified immunity defense based on reasonable grounds is not available where the law enforcement officials' mistake is a mistake of law.[4]

Plaintiffs rely on Restatement (Second) of Torts § 121, Comment *i*, which provides:

"A peace officer making an arrest without a warrant is protected in every case where he acts under a reasonable mistake as to the existence of facts which, under the rule stated in this Section, justify an arrest without a warrant. On the other hand, no protection is given to a peace officer who, however reasonably, acts under a mistake of law other than a mistake as to the validity of a statute or ordinance. Thus, an officer is not privileged to arrest another whom he reasonably suspects of having committed an act which the officer, through a mistake of law reasonable in one of his position, believes to be a common law felony. So too, a peace officer is not privileged to arrest another whom he reasonably suspects of having committed an act which the officer, through a mistaken construction of a statute, believes to have been made a felony by such statute. And this is true although the reasonable character of the officer's mistake is proved by the fact that at the time of the arrest the statute is generally understood to make such an act a felony and is not judicially construed to the contrary until after the arrest is made."[5]

We are not persuaded that the Restatement rule should be applied to bar the availability of the qualified immunity de-

2. Subsequent to his arrest, plaintiff David R. Benson reported the receipt of 44 Krugerrands under the currency reporting requirements. 31 U.S.C. § 1101; 31 C.F.R. § 103.25.

3. The gold coins were hidden in the masonite backing of two copper wall plaques. The packages containing the coins were addressed to a fictitious name and plaintiff David R. Benson first attempted to claim the packages under an assumed name. Benson also made a false declaration of the value of the plaques.

4. For purposes of this case, we assume without deciding that the agents and the magistrate were mistaken in concluding that Krugerrands are declarable items and that such mistake was a mistake of law, rather than a mistake of fact. Cf. *Cambist Films v. Duggan*, 475 F.2d 887, 889 (3d Cir. 1973) (police officer's mistaken conclu-

sion that a motion picture was "obscene" in violation of criminal statute treated as a mistake of fact).

5. Plaintiffs' argument that the qualified immunity defense is not available when a mistake of law is involved does not differentiate between liability for the search and the arrest. However, even under the Restatement formulation, the defense is not unavailable, *i. e.*, the conduct is "privileged," with respect to the search which was pursuant to a "valid" warrant, as that term is defined in the Restatement. Restatement (Second) of Torts §§ 123, 210 & Comment *h*. But since the arrest here was made without a warrant, this appears to be the kind of fact circumstance to which this Comment was meant to apply.

fense as a matter of law. Supreme Court dicta, analogous cases, and other authority support the rule that a good faith mistake of law should be treated no differently than a mistake of fact. *Butz v. Economou*, 438 U.S. 478, 507, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978); *Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967); *See Midwest Growers Co–Op. Corp. v. Kirkemo*, 533 F.2d 455, 464 (9th Cir. 1976); *cf. United States v. Barker*, 546 F.2d 940, 946–49 (D.C. Cir. 1976) (mistake of law defense available in criminal prosecution when "objectively reasonable under the circumstances" and "mistake of a government agent in relying on a magistrate's approval of a search can be considered virtually *per se* reasonable").

In *Pierson v. Ray, supra*, 386 U.S. at 555, 87 S.Ct. at 1218, the Supreme Court held public policy considerations to require that a police officer who arrests someone in good faith and with probable cause cannot be held liable for false arrest, even though the innocence of the suspect is later proven. The court then went beyond the Restatement in two respects: first, in its observation that, although not entirely free from doubt, "the same consideration would seem to require excusing him from liability for acting under a statute that he reasonably believed to be valid but that was later held unconstitutional"[6]; and, second, in holding that the qualified immunity defense was available in the circumstances of that action under 42 U.S.C. § 1983. *Id.* at 557, 87 S.Ct. at 1219.

In *Midwest Growers, supra*, 533 F.2d at 464, we held that the qualified immunity defense applied to federal officials who procured the issuance of and executed a search warrant which was later held to be invalid because its issuance was not authorized by statute. Although the execution of a search warrant "fair on its face" is immunized under Restatement (Second) of Torts §§ 124(a), 210, this protection is not expressly extended to one who procures the

issuance of an invalid warrant. However, we applied the qualified immunity defense in spite of the officials' mistake of law because of their "reasonable belief that the warrant procedure was a valid exercise of the Commission's right of inspection." *Id.*

■ In the case at bench, although the arrest was made without a warrant, the arrest followed immediately upon the conclusion of a successful search which was made pursuant to a warrant. Thus, a showing of probable cause had once been made to and endorsed by a magistrate. In these circumstances, the reasons for the application of the qualified immunity defense in *Pierson, supra*, argue as well for its application here. And our holding in *Midwest Growers, supra*, would seem equally applicable to this case.

We conclude that such policy reasons as can be marshaled in support of the Restatement rule are not convincing and the application of the rule in these circumstances is unjustified. We, therefore, hold that a mistake of law of the kind involved here does not, *per se*, vitiate the qualified immunity defense.

The judgment is affirmed.

---

**6.** The Court acknowledged that the Restatement took no position on this issue. *Id.* at 555 n. 10, 87 S.Ct. at 1218 n. 10.