Kerry M. WRIGHT, Plaintiff,

v.

The CITY OF RENO, et al., Defendants.

No. CIV-R-80-277-ECR.

United States District Court, D. Nevada.

Oct. 28, 1981.

---

G. C. Backus, and Lawrence J. Semenza, Polaha, Conner, Semenza & Lufty, Chartered, Reno, Nev., for plaintiff.

M. Jerome Wright, Reno, Nev., for defendant City Auto Towing.

Richard P. Wait, Reno, Nev., for King's Skate Country.

Louis Test, Reno City Atty. and Wait Shamberger, Georgeson, McQuaid & Thompson, Reno, Nev., for defendants City of Reno & Lloyd Birchett.

William G. Cobb, Erickson, Thorpe, Swainston & Cobb, Reno, Nev., for defendants County of Washoe, Calvin R. X. Dunlap & Rod Chapin.

## ORDER

EDWARD C. REED, Jr., District Judge.

This is a civil rights action, asserting violations of 42 U.S.C. §§ 1983, 1985 and 1986. The amended complaint alleges that the plaintiff, a juvenile, was stopped on a private parking lot by defendant Lloyd Birchett, a Reno police officer working there as a security guard. Birchett accused the plaintiff of reckless driving there the previous night. According to the pleading, defendant Birchett seized the keys out of the ignition switch and, when the plaintiff remonstrated, he battered the plaintiff with a flashlight. The plaintiff was placed under arrest and his automobile was searched. Although the plaintiff claims he needed medical attention by reason of the battering he received, neither defendant City of Reno nor defendant County of Washoe, which owned and operated the juvenile detention center to which the plaintiff was taken, provided any medical treatment. It is alleged that said City and County, as a matter of policy, don't provide medical treatment.

Immediately upon the arrest of the plaintiff, defendant Birchette summoned a tow truck owned and operated by defendant City Auto Towing. In order to avoid the towing away and impoundment of the plaintiff's car, his father paid the tow truck operator $22. The amended complaint contends that such towing and impoundment would have constituted an unreasonable seizure in the view of the Fourth Amendment, and would have been accomplished without due process.

The plaintiff claims that the arrangement whereby City Auto Towing impounds automobiles at the request of the City of Reno police is a conspiracy to deprive people of their property without due process of law. In addition, the arrangement is in furtherance of the policy of the City, according to the pleading.

It is further contended that all of the defendants conspired to charge the plaintiff with numerous petty offenses, in Juvenile Court, in retaliation for the initiation of this civil rights suit. Those offenses consisted of reckless driving, operating a motor vehicle without a driver's license in possession, failure to obey a police officer and obstructing a public officer. All are misdemeanors.

The amended complaint alleges that the person who swore out the petty offenses complaint against the plaintiff had no first hand knowledge of the occurrences. This procedure is part of a scheme concocted by defendant Calvin R. X. Dunlap, who is the Washoe County District Attorney, according to the plaintiff.

Finally, the plaintiff alleges that the proceedings against him were without probable cause. He insists that detention and filing of charges without probable cause is a local custom. This is a violation of the Fourth and Fourteenth Amendments, in the eyes of the plaintiff.

Two motions to dismiss for failure to state a claim for which relief can be granted, Fed.R.Civ.P. 12(b)(6), have been filed, one by defendant City Auto Towing and the other by defendants County of Washoe and District Attorney Dunlap. The two motions are here being considered together by the Court.

City Auto Towing emphasizes that it tows and impounds automobiles at the request of the Reno Police Department, pursuant to a formal contract. It urges that this is not an unlawful agreement, therefore no conspiracy can exist. All decisions to make an arrest or tow or impound a vehicle are made by a Reno Police Officer, and not by the towing company. Further, City Auto Towing argues that it is not the cause of any deprivation of the plaintiff's rights. Towing and impoundment would not be such cause, but rather, it is attributable to the failure of the City of Reno to provide for a meaningful hearing. At such hearing, the vehicle owner would be provided an opportunity to show that he should not be deprived of his automobile.

Defendant Dunlap maintains that all of his conduct was in his capacity as District Attorney. Therefore, he claims to be absolutely immune to any damages award. In addition, he contends that any wrongful acts were those of his deputies, and he cannot be held liable solely on respondeat superior. Also, the District Attorney argues that the declaratory and injunctive relief sought by the plaintiff may not be granted as to a state criminal proceeding.

The position of defendant County of Washoe is that any wrongful conduct was by its agents or employees, and it cannot be held liable solely on the basis of respondeat superior.

Points and authorities have been filed and oral argument has been heard. The Court feels fully advised.

*Discussion* :

 The equitable restrictions on federal intervention in state prosecutions does not preclude a litigant from resorting to a federal forum in seeking redress under the Civil Rights Act. *Wooley v. Maynard*, 430

U.S. 705, 710, 97 S.Ct. 1428, 1432, 51 L.Ed.2d 752 (1977); *Zablocki v. Redhail*, 434 U.S. 374, fn. 5, 98 S.Ct. 673, fn. 5, 54 L.Ed.2d 618 (1978). The plaintiff is rightfully before this Court.

In deciding a motion to dismiss for failure to state a claim for which relief can be granted, the allegations of the complaint must be accepted as true and the complaint dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962); *Classon v. Shopko Stores, Inc.*, 435 F.Supp. 1186 (E.D.Wis.1977).

 Only two allegations are required to state a claim for relief under 42 U.S.C. § 1983. First, the plaintiff must allege that the defendants subjected him to the deprivation of a right, privilege or immunity secured by the Constitution or laws of the United States and, second, that the conduct complained of was engaged in under color of state law or authority. *Morrison v. Jones*, 607 F.2d 1269 (9th Cir. 1979); *Sykes v. State of California (Dept. of Motor Vehicles)*, 497 F.2d 197 (9th Cir. 1974). Further, the *Morrison* opinion points out that Civil Rights Act complaints are to be construed liberally.

 For § 1983 purposes, to act "under color of" state law or authority does not require that the defendant be an officer of the state. It is enough that a private party was a willful participant in joint action with state agents. *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *Sykes v. State of California (Dept. of Motor Vehicles), supra*. The rendering of mutual benefits between the private party and the state makes the activity engaged in state action. *Melara v. Kennedy*, 541 F.2d 802 (9th Cir. 1976). The test of whether a joint participation, or conspiracy, existed is whether the facts alleged demonstrate that the private party and the public official acted with a common understanding, or meeting of the minds, to deprive the plain-

tiff of his federal rights. *Baer v. Baer*, 450 F.Supp. 481 (N.D.Cal.1978). For the purposes of City Auto Towing's instant motion to dismiss, the amended complaint contains sufficient allegations to demonstrate that said defendant was acting under color of State law. Most jurisdictions that have considered the question have so held as to towing companies. *See, e.g., Stypmann v. City of San Francisco*, 557 F.2d 1338 (9th Cir. 1977); *Hann v. Carson*, 462 F.Supp. 854 (M.D.Fla.1978); *Tedeschi v. Blackwood*, 410 F.Supp. 34 (D.Conn.1976).

It is also clear the amended complaint has alleged, with legal sufficiency, that the plaintiff was deprived of a right secured by the U. S. Constitution. Loss of the use and enjoyment of an automobile deprives the owner of a property interest, *Stypmann v. City of San Francisco, supra*, or liberty interest, *Schuman v. State of California*, 584 F.2d 868 (9th Cir. 1978), that may be taken from him only in accordance with the Due Process Clause. The *Stypmann* opinion, at 557 F.2d 1344, declares: "Seizure of property without prior hearing has been sustained only where the owner is afforded prompt post-seizure hearing at which the person seizing the property must at least make a showing of probable cause." In other words, the hearing establishes whether the initial removal of the vehicle was rightful; if its removal was wrongful, recovery may not be conditioned on payment of towing or storage charges. *Huemmer v. Mayor & City Council, Etc.*, 632 F.2d 371 (4th Cir. 1980). Whether probable cause existed is a question for the jury. *Gilker v. Baker*, 576 F.2d 245 (9th Cir. 1978).

Count Three of the amended complaint alleges a conspiracy between defendants City Auto Towing and City of Reno to deprive citizens of their property without due process of law. Count Four contends that all of the defendants conspired against the plaintiff in connection with the filing of the petition against him in Juvenile Court. A conspiracy to deprive the plaintiff of his civil rights without due process states a claim for relief under § 1983. *Rundle v. Madigan*, 356 F.Supp. 1048 (N.D.Cal.1972);

*see also Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959), overruled on other grounds in *Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962).

Violation of local law, e.g., state tort law, is not enough to state a claim for relief under § 1983; there must be a deprivation of federal constitutional or statutory rights. *See Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Havas v. Thornton*, 609 F.2d 372 (9th Cir. 1979); *Wagar v. Hasenkrug*, 486 F.Supp. 47 (D.Mont.1980). However, deprivation of the plaintiff's Fourth Amendment rights amounts to a constitutional tort. *Paul v. Davis, supra; Benson v. Hightower*, 633 F.2d 869 (9th Cir. 1980), app. pdg. Once a warrantless arrest is established, the burden of going forward with the evidence passes to the defendant. *Gilker v. Baker, supra*. Either warrantless arrest or warrantless search without probable cause will support an action for damages under 42 U.S.C. § 1983. *Draeger v. Grand Central, Inc.*, 504 F.2d 142 (10th Cir. 1974). The plaintiff herein has alleged both.

While false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official, *Baker v. McCollan, supra*, assault and battery may serve as the basis for a § 1983 claim. *Cohen v. Norris, supra; Morgan v. Labiak*, 368 F.2d 338 (10th Cir. 1966); *Putman v. Gerloff*, 639 F.2d 415 (8th Cir. 1981). Said section of the Civil Rights Act makes actionable the deprivation of an interest guaranteed in the Bill of Rights which has been incorporated into the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, fn. 5, 96 S.Ct. 1155, fn. 5, 47 L.Ed.2d 405 (1976). As indicated above, deprivation of a constitutionally secured right without due process of law is actionable. *See Morrison v. Jones*, 607 F.2d 1269 (9th Cir. 1979); *Hann v. Carson*, 462 F.Supp. 854 (M.D.Fla.1978).

City Auto Towing's argument that its conduct in threatening to tow away the plaintiff's automobile, unless it was paid

$22, was not the cause of any deprivation of the plaintiff's rights, merits discussion. It has been held that neither towing nor detention of the vehicle alone constitutes a constitutional deprivation; the failure to afford a hearing prior to imposing a lien for storage costs in favor of the towing company is the constitutional violation. *Mays v. Scranton City Police Dept.*, 503 F.Supp. 1255 (M.D.Pa.1980); *see also Watters v. Parrish*, 402 F.Supp. 696 (W.D.Va.1975). *Mays* holds that a causal link between the wrongful conduct and the alleged constitutional violation must be established before liability attaches. This causation requirement, of both §§ 1983 and 1985, is not satisfied by a showing of mere causation in fact; rather, the plaintiff must establish proximate or legal causation. *Arnold v. Intern. Business Machines*, 637 F.2d 1350 (9th Cir. 1981). Thus, foreseeability is a factor. *Id.* The background is that of tort liability, which makes a person responsible for the natural consequences of his actions. *Wagar v. Hasenkrug*, 486 F.Supp. 47 (D.Mont.1980). Determining whether a particular act was the proximate cause of the plaintiff's injury is not as simple as merely stating the rule that proximate causation must be established. For example, in *Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959), overruled on other grds. in *Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962), the opinion declares that a court order imposing imprisonment or commitment to an institution would usually be the proximate cause of any injury caused thereby, rather than the preliminary steps leading up to the order. *Compare Flores v. Pierce*, 617 F.2d 1386 (9th Cir. 1980), where it was held that denial of a liquor license by the regulatory agency was not the proximate cause of the plaintiff's damages but, rather, the conduct of city officials which caused the agency to deny the license was held to be the legal cause of the damages.

■ City Auto Towing has focused on its lack of control over the police. It has no part in making the decision whether a vehicle should be towed. This lack of control does have a bearing on the issue of proximate causation. The private party was held not to have been the proximate cause of the plaintiff's injuries in *Arnold v. Intern. Business Machines*, 637 F.2d 1350 (9th Cir. 1981), because of its lack of control over the public officials (Task Force). Nevertheless, the willful participation of the towing company in the joint activity with the public officials was found sufficient to give rise to liability in the towing company in *Stypmann v. City & Cty. of San Francisco*, 557 F.2d 1338 (9th Cir. 1977). Therefore, it can't be said at this time that it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim against City Auto Towing which would entitle him to relief. The *Arnold* court itself, at page 1358, recognized the possibility of liability in the private party where it and the police acted pursuant to a preconceived plan which violated the plaintiffs' rights. Likewise, in *Watters v. Parrish*, 402 F.Supp. 696 (W.D.Va.1975), the opinion acknowledges that the towing company could be held liable if the plaintiffs proved that it had conspired with the police to remove the plaintiffs' autos without affording an opportunity for the plaintiffs to challenge the taking. The Ninth Circuit, in *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978), points out that the requisite causal connection can be established by proving a defendant's direct personal participation in the constitutional deprivation. The same principle is stated in *Arnold v. Intern. Business Machines, supra.*

■ The allegations in the amended complaint that the conduct complained of was pursuant to "custom", "policy" or "scheme" and was "ratified" serve to withstand the respondeat superior defenses raised by the City of Reno, County of Washoe and District Attorney Dunlap, insofar as the motions to dismiss are concerned. *See Vasquez v. City of Reno*, 461 F.Supp. 1098 (D.Nev.1978).

■ As to District Attorney Dunlap's defense of immunity, it is well established that a prosecutor who acted within the scope of his duties in initiating and pursuing a criminal prosecution is absolutely im-

mune from a § 1983 civil suit for damages for alleged deprivation of constitutional rights of the criminal defendant. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *see also Beard v. Udall*, 648 F.2d 1264 (9th Cir. 1981). This is a quasi-judicial immunity. It requires that the prosecutor's allegedly wrongful acts have been committed in the performance of an integral part of the judicial process; as long as the district attorney has acted within that scope, or is authorized by law to do the act complained of, he is immune from civil liability for those acts. *Sykes v. State of California (Dept. of Motor Vehicles)*, 497 F.2d 197 (9th Cir. 1974). *Sykes* specifically declares that this quasi-judicial immunity exists, regardless of the existence of malice, as to the filing of criminal complaints and the drawing up of indictments and informations. There is no allegation that District Attorney Dunlap was acting to further his own private purposes in his conduct toward the plaintiff. *Cf. Beard v. Udall, supra.* Nor is there any indication that the District Attorney performed acts related to police activity, rather than judicial activity. The cloak of immunity would not protect him as to such police activity. *See Jacobson v. Rose*, 592 F.2d 515 (9th Cir. 1978); *Robichaud v. Ronan*, 351 F.2d 533 (9th Cir. 1965).

▪ The conclusion is inescapable that the motion to dismiss of District Attorney Dunlap must be granted on the basis of his immunity from civil suit. This immunity does not extend in favor of any of his codefendants, however. *See Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

▪ The plaintiff contends in his amended complaint that the defendants have violated 42 U.S.C. §§ 1983, 1985 and 1986. The only part of § 1985 that conceivably could be applicable to this case is subsection (3), which forbids conspiracies to deprive any person of the equal protection of the laws. Perhaps Counts Four and Five, in which the plaintiff complains that the defendants have a custom of detaining persons and then filing petty offense charges against them without probable cause, and have subjected him to such treatment, are thought to be within the coverage of § 1985(3). However, said statute proscribes only those conspiracies which are motivated by a racial or other class-based invidiously discriminatory animus. *Havas v. Thornton*, 609 F.2d 372 (9th Cir. 1979); *Wagar v. Hasenkrug*, 486 F.Supp. 47 (D.Mont.1980). The class must be something that the plaintiff cannot change, such as his color or gender. *Id.* No such class is suggested in the amended complaint. Due process violations alone will not sustain an action based on § 1985(3). *Hoffman v. Halden, supra; Rundle v. Madigan*, 356 F.Supp. 1048 (N.D.Cal.1972); *Brosten v. Scheeler*, 360 F.Supp. 608 (N.D.Ill.1973), aff'd w/o op. 495 F.2d 1375 (7th Cir. 1974). Therefore, the law of this case shall be that the amended complaint fails to state a claim under 42 U.S.C. § 1985(3).

▪ If a municipality has a policy or custom of refusing or neglecting to prevent § 1985 violations by its agents or employees, the municipality may be held liable under § 1986. *Vasquez v. City of Reno*, 461 F.Supp. 1098 (D.Nev.1978). However, an indispensable prerequisite of a § 1986 claim is the existence of a conspiracy actionable under § 1985. *Id.; Wagar v. Hasenkrug, supra.* As explained above, no § 1985 conspiracy has been shown to exist herein. Therefore, the law of this case shall be that the amended complaint fails to state a claim under 42 U.S.C. § 1986.

▪ Finally, in Count Two of the amended complaint, the plaintiff complains of the refusal of defendants City of Reno and County of Washoe to provide him with medical treatment. Such conduct does not come within the Eighth Amendment's strictures against cruel and inhuman punishment, for that Amendment protects essentially only persons who have been convicted of crimes and are being punished by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Wagar v. Hasenkrug, supra.* The plaintiff was not such a person. Nevertheless, a liberty interest protected by the due process clause

may be implicated. *See Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). It is not impossible that the plaintiff will be able to prove a set of facts that will entitle him to relief on this issue.

IT IS, THEREFORE, HEREBY ORDERED that the motion of defendant CITY AUTO TOWING to dismiss the amended complaint be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the motion of defendant COUNTY OF WASHOE to dismiss the amended complaint be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the motion of defendant CALVIN R. X. DUNLAP to dismiss the amended complaint as against him be, and the same hereby is, GRANTED. The Clerk of Court shall prepare and enter a judgment in defendant Dunlap's favor accordingly.