Harry J. WILLIAMS, Plaintiff

v.

George SUMNER; Robin Bates; John Slansky; John Ignacio; Gayle Sherman, Individually and in their respective official capacities, Defendants.

No. CV-R-86-72-ECR.

United States District Court, D. Nevada.

June 24, 1986.

Harry J. Williams, in pro per.

No appearance for defendants.

## AMENDED ORDER

EDWARD C. REED, Jr., Chief Judge.

The plaintiff, Harry J. Williams, filed a motion to proceed in forma pauperis, under 28 U.S.C. § 1915(d), accompanied by a complaint alleging violation of his civil rights under 42 U.S.C. §§ 1983, 1985, 1986 and 1988. Plaintiff's complaint also alleges possible pendent state claims. Plaintiff appears pro se seeking injunctive relief, declaratory relief, compensatory and punitive damages, costs of suit and attorney's fees.

Plaintiff, an inmate at the Northern Nevada Correctional Center, was removed

from his employment at the Carson City Conservation Camp on November 18, 1985, after testing positive for Acquired Immune Deficiency Syndrome (AIDS) on three separate occasions (in May of 1985, in September or October of 1985 and again on November 16, 1985). On November 20, 1985, an independent medical firm made the diagnosis that the plaintiff was not infected with the AIDS virus. Plaintiff alleges that the defendants deprived him of his rights to procedural due process by refusing to allow him to return to work at the Carson City Conservation Camp, causing plaintiff to lose "work time" credits and to incur financial loss.

This Court assigned this case to the United States Magistrate, Phyllis Halsey Atkins, in accordance with 28 U.S.C. § 636(b)(1)(A). The Magistrate granted plaintiff's motion to proceed in forma pauperis. The Magistrate filed her Report and Recommendation recommending to this Court that it dismiss the plaintiff's complaint without prejudice and without service on defendants because it is frivolous within the meaning of 28 U.S.C. § 1915(d) in that it fails to allege an arguable claim of constitutional dimension which would give the court subject matter jurisdiction. Plaintiff timely filed objections to the Magistrate's recommendations in accord with 28 U.S.C. § 636(b)(1).

■ A court may authorize a person who is unable to pay the costs of suit to proceed in forma pauperis, allowing commencement of an action without prepayment of fees and costs or security. 28 U.S.C. § 1915(a). The court may dismiss an in forma pauperis action that is frivolous or malicious. 28 U.S.C. § 1915(d). Because the freedom from economic constraints afforded by 28 U.S.C. § 1915 increases the probability of abuse of the legal process through the filing of frivolous suits, most of the circuits have followed the procedure recommended by the Federal Judicial Center and permit dismissal of in forma pauperis actions before service of process. *See, e.g., Franklin v. Murphy,* 745 F.2d 1221 (9th Cir. 1984). The court in *Franklin* adopted as

the standard for frivolity, "an assessment of the substance of the claim presented, i.e., is there a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Id.* at 1227, *quoting Watson v. Ault,* 525 F.2d 886 (5th Cir.1976).

■ Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 may be disposed of summarily. Claims under § 1985 must be motivated by racial or other class based animus. *Mollow v. Carlton,* 716 F.2d 627, 628 (9th Cir.1983); *Blevins v. Ford,* 572 F.2d 1336, 1338 (9th Cir.1978). Plaintiff has failed to allege that the defendants had the requisite motivation, nor has he offered any evidence to that effect. Existence of a conspiracy actionable under § 1985 is an indispensible prerequisite for a § 1986 claim. *Wagar v. Hasenkrug,* 486 F.Supp. 47, 51 (D.Mont. 1980); *Kedra v. City of Philadelphia,* 454 F.Supp. 652, 663 (E.D.Pa.1978). Since a claim for relief under § 1985 had not been stated, plaintiff cannot prevail under § 1986.

To prevail under 42 U.S.C. § 1983, plaintiff must show that defendants acted under color of state law to deprive him of "rights, privileges or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. Plaintiff asserts that his procedural due process rights were violated by the defendant's refusal to allow him to return to a community trusty work program.

Incarceration does not isolate the plaintiff from the protection of the constitution. *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed. 451 (1976); *Wolff v. McDonnell,* 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). However, "[n]ot every 'grievous loss' suffered at the hands of the state will require the procedural protection of constitutional due process." *Baumann v. Arizona Dept. of Corrections,* 754 F.2d 841, 843 (1985), *citing Meachum v. Fano,* 427 U.S. at 224, 96 S.Ct. at 2538. "The threshold question in due process analysis is whether a constitutionally protected interest is implicated." *Id.* at 843, *citing Meachum v. Fano,* 427

U.S. at 223–24, 96 S.Ct. at 2538. Such a constitutionally protected interest, sufficient to trigger procedural due process rights, may originate in the Constitution or in state laws and regulations. *Hewitt v. Helms*, 459 U.S. 460, 469–72, 103 S.Ct. 864, 870–71, 74 L.Ed.2d 675 (1983); *Meachum v. Fano*, 427 U.S. at 223–27, 96 S.Ct. at 2537–39.

■ A state prisoner has no independent constitutional right to employment. The plaintiff may avail himself of due process protection here only if the state has created a protected interest in his employment in the community trusty work program. A state may create a protected interest by imposing substantive regulatory limitations on the discretion of prison officials. *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983). However, the state must additionally express these limitations in language of "an unmistakably mandatory character." *Hewitt v. Helms*, 459 U.S. at 471, 103 S.Ct. at 871. In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the Supreme Court focused closely on the language of a Nebraska penal statute in finding that it created a protected interest in parole by mandating that parole "shall" be granted "unless" one of four specifically designated exceptions applied. The Ninth Circuit has adopted a restrictive interpretation of *Greenholtz*, finding that the "shall/unless" formula of the Nebraska statute was decisive in that case. *Baumann v. Arizona Department of Corrections*, 754 F.2d at 844.

■ Nevada law provides that the director of the prison is to establish a program for the employment of offenders. NRS § 209.459. Nevada law, NRS § 209.461(1) further provides that:

1. The director shall:

   (a) To the greatest extent possible, establish facilities which approximate the normal conditions of training and employment in the community.

   (b) To the extent practicable, require each offender, except those whose behav-ior is, found by the director to preclude participation, to spend 40 hours each week in vocational training or employment, unless excused for medical reasons.

Read together, NRS §§ 209.459 and 209.461, while mandating the establishment of an employment program, stop far short of requiring that the director provide a job for each offender. The director is required to employ each offender only to "the extent practicable," and the statute expressly vests in the director the discretion to exclude those offenders whose behavior he finds unsatisfactory. The "shall/unless" formula adopted in *Baumann* is present in NRS § 209.461; however, it is relevant only to the employment of offenders in general. The "shall/unless" formula is not here a mandate for the creation of jobs for each and every offender.

Further, plaintiff was employed as a community trusty. Nevada law provides even greater discretion for the director in the employment of offenders in the community. Nevada law provides that the director, "with the approval of the board, may: [g]rant to reliable offenders the privilege of leaving institutions or facilities of the department at certain times for the purpose of vocational training or employment." NRS § 209.461(2)(b). The "shall/unless" construction is here conspicuously absent.

Lacking language of an "unmistakably mandatory character" with respect to employment for individual offenders, required by the Supreme Court in *Hewitt* and interpreted by the Ninth Circuit in *Baumann*, Nevada's statutory scheme fails to create a constitutionally protected liberty interest in the plaintiff in his employment at the Carson City Conservation Camp. Lacking a liberty interest sufficient to trigger due process protections, plaintiff fails to demonstrate a legal basis of constitutional dimension to sustain his claim under 42 U.S.C. § 1983.

■ Plaintiff alleges that the defendants entered into a conspiracy to deprive him of

his civil rights, presumably to come within the language of §§ 1985 and 1986. Plaintiff may also state a cause of action for conspiracy to deprive him of his civil rights without due process under § 1983. *Wright v. City of Reno*, 533 F.Supp. 58, 62–63 (D.Nv.1981). However, conspiracy allegations must be more than mere conclusory statements. *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.1979); *Lockary v. Kayfetz*, 587 F.Supp. 631, 639 (N.D.Cal.1984). Plaintiff's complaint states no facts in support of his allegations that the defendants conspired to deprive him of his civil rights. Plaintiff's conspiracy allegations are thus conclusory and must fall along with his other claims under 42 U.S.C. § 1983.

Plaintiff's claim for attorney's fees under 42 U.S.C. § 1988 must be dismissed because plaintiff did not prevail. Also, 42 U.S.C. § 1988 does not by itself set forth a cause of action. Further, attorney's fees may not be awarded to a non-lawyer pro se litigant under 42 U.S.C. § 1988. *Pitts v. Vaughn*, 679 F.2d 311 (3rd Cir.1982).

When federal claims are dismissed before trial, as plaintiff's here must be, pendent state claims should also be dismissed. *Jones v. Community Redevelopment Agency of Los Angeles*, 733 F.2d 646, 647 (9th Cir.1984).

This Court has reviewed *de novo* the report and recommendations objected to, and for the above stated reasons accepts the recommendations of the Magistrate. *See* 28 U.S.C. § 636(b((1).

IT IS, THEREFORE, HEREBY ORDERED that plaintiff's complaint is dismissed without prejudice and without service on defendants.