37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kou Lo VANG, Plaintiff-Appellant,
v.
Ron ANGELONE; James Collins, Defendants-Appellees.
 No. 93-15069.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1994.*
Decided Sept. 30, 1994.
 
 1
 Before: LEAVY and KLEINFELD, Circuit Judges; and MARSH, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Vang argues that he does not speak enough English to adequately present his case, so he should have received appointed counsel under 28 U.S.C. Sec. 1915(d). The district judge did not abuse his discretion in determining that Vang's case did not present "exceptional circumstances" requiring appointment of counsel. Neither likelihood of success on the merits nor inability to present his case required it. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). Vang's chances of success were low, and his papers were adequate to present his claims.
 
 
 4
 The district judge did not deny Vang whatever right to an interpreter for appearances in court he might have had. The judge stated in his July 2, 1992 order that an interpreter would be provided for any necessary court appearances. Vang had no right to an interpreter to prepare his papers. This was a civil case, so whatever rights he might have in a criminal case would not apply. Vang, not the United States, filed this action, so Vang was not entitled to an interpreter under 28 U.S.C. Sec. 1827(a).
 
 
 5
 The district judge properly denied the motion for a default judgment, because there was no default. Federal Rule of Civil Procedure 55(a) applies only to a party who has "failed to plead." The defendant did plead. The answer is the pleading. Fed.R.Civ.P. 7(a).
 
 
 6
 Vang claims Nevada denied him access to Nevada law books. Nevada was obligated to provide him with adequate legal materials or legal assistance. Casey v. Lewis, 4 F.3d 1516, 1520 (9th Cir.1993). Nevada appointed counsel for Vang on his habeas corpus petition in Nevada state court, and sent him packets of legal materials both times he requested them. Vang says he did not receive either packet, but the affidavits demonstrate that a system is in place to provide him with the materials. His claim for an injunction is moot because the system he might obtain, if he had a right, is already in place.
 
 
 7
 Vang complains that he needed legal materials in order to sue one of his former lawyers for overcharging him in 1987. Vang took no legal action against her until 1992, well after the statute of limitations ran. He does not establish any denial of legal materials which would have caused his claim to have been filed within the limitations period.
 
 
 8
 Vang alleges various constitutional violations arising from his transfer from Nevada prison to Texas prison. The only affidavit submitted on this subject said:
 
 
 9
 NDOP [Nevada Department of Prisons] received information indicating that VANG was suspected of being a "hit man" for the Laotian mafia. Additionally, Lue Vue (inmate # 22191), VANG's co-defendant who had recently been incarcerated under the jurisdiction of the NDOP, had turned state's evidence against VANG. Based on this information, VANG was referred for transfer to the State of Texas under the Interstate Corrections Compact. The transfer recommendation was not to prevent VANG from contacting his attorneys or to deny him access to the Nevada courts;
 
 
 10
 * * *
 
 
 11
 Based upon the animosity of VANG towards Lue and the management problems that was thereby created, it was necessary that VANG and Lue be permanently separated. It was determined that the best way to achieve this objective was to remove VANG from the State of Nevada by placing him elsewhere;
 
 
 12
 Even though VANG is currently housed in the State of Texas, his sentence and term is managed by the State of Nevada. VANG receives work and program credits the same as any inmate housed in Nevada.
 
 
 13
 Hubert Affidavit, paragraphs 3-6.
 
 
 14
 Vang's claim that he was transferred to Texas to prevent him from filing lawsuits or obtaining access to Nevada legal materials is belied by this, the only cognizable Rule 56 evidence submitted on the motion for summary judgment.
 
 
 15
 Vang claims that the transfer to Texas denies him various constitutional rights because he does not get good time and does not get a paying job. The district court properly granted summary judgment on the good time claim, because the only cognizable evidence was the statement in the Hubert affidavit that Vang "receives work and program credits the same as any inmate housed in Nevada."
 
 
 16
 Vang complains that he does not receive payment for work in Texas as he did in Nevada. But there is no protected interest in receiving payment for prison work in Nevada. The Nevada statute regarding payment for prison work is discretionary. Nev.Rev.Stat. Sec. 209.461(1)(b) (Michie Supp.1993); Williams v. Sumner, 648 F.Supp. 510, 512 (D.Nev.1986). Vang argues that being required to work without pay is like slavery. The Thirteenth Amendment protects people in the United States from involuntary servitude. But it makes an exception for prisoners.
 
 
 17
 Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.
 
 
 18
 U.S. Const. amend. XIII, Sec. 1.
 
 
 19
 Vang claims that he is a third party beneficiary of the Interstate Corrections Compact, Nev.Rev.Stat. 215A.020 art. IV(b) (Michie 1992). The Compact does not establish a private right of action as a third party beneficiary.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) & 9th Cir.R. 34-4
 
 
 **
 The Honorable Malcolm F. Marsh, District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts, and we will not restate them here